Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY   82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for Defendants, City of Powell, Tim
Feathers, Chad Minor, Mike Cretien, Roy Eckerdt,
Dave Brown, Mike Hall, Brett Lara, Matt McCauslin,
Alan Kent, Mike Danzer, Matt Brikalis, Lee
Blackmore and Cody Bradley, all in their official
capacities

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRICIA WACHSMUTH,

     Plaintiff,

     vs.                             Civil Action No. 10- CV-041-J

THE CITY OF POWELL, TIM FEATHERS,
CHAD MINOR, MIKE CRETIEN, ROY ECKERDT,
DAVE BROWN, MIKE HALL, BRETT LARA,
MATT McCAUSLIN, ALAN KENT, MIKE DANZER,
MATT BRILAKIS, LEE BLACKMORE, and
CODY BRADLEY,

     Defendants.

---

## ANSWER OF DEFENDANT CITY OF POWELL
## AND ALL OTHER NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES,
## AND ASSERTION OF AFFIRMATIVE DEFENSES

---

**COME NOW** the Defendants, City of Powell, Tim Feathers, Chad Minor, Mike Cretien, Roy

Eckerdt, Dave Brown, Mike Hall, Brett Lara, Matt McCauslin, Alan Kent, Mike Danzer, Matt

Brikalis, Lee Blackmore and Cody Bradley[1], all in their official capacity, by and through their attorney, Thomas A. Thompson, of the law firm of MacPherson, Kelly & Thompson, LLC, and for their Answer and Assertion of Affirmative Defenses to the Complaint of Plaintiff Tricia Wachsmuth, state and allege as follows:

1.    The allegations contained in paragraph 1 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

2. (*sic*) [2] The allegations contained in paragraph 2 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

### Jurisdiction and Venue

2.    The allegations contained in paragraph 2 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

---

[1] Plaintiff has misspelled the names of the following Defendants: Chad Miner, Matthew Danzer, Matt McCaslin and Mike Chretien.

[2] There are two paragraphs numbered 2, one under the preliminary statement and one under jurisdiction and venue. These answering Defendants have followed the numbering used by the Plaintiff.

3.      The allegations contained in paragraph 3 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

4.      The allegations contained in paragraph 4 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

5.      The allegations contained in paragraph 5 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

6.      The allegations contained in paragraph 6 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

7.      The allegations contained in paragraph 7 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

8.      Defendants admit that portion of paragraph 8 which alleges that a document, which is purportedly a governmental claim, is attached to the *Plaintiff's Complaint*. The remaining

allegation contained in paragraph 8 of the *Plaintiff's Complaint* is purportedly a statement of law that does not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

9.      Defendants deny that portion of paragraph 9 which allege that the document, which is purportedly a governmental claim was delivered to the City of Powell on the 23rd day of February, 2009. The remaining allegation contained in paragraph 9 of the *Plaintiff's Complaint* is purportedly a statement of law that does not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

10.      The allegations contained in paragraph 10 of the *Plaintiff's Complaint* are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

11.      In response to paragraph 11 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

### *Parties*

12.      In response to paragraph 12 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

13.    In response to paragraph 13 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

14.    In response to paragraph 14 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

15.    In response to paragraph 15 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

16.    In response to paragraph 16 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

### Facts Common to all Claims

17.    In response to paragraph 17 of *Plaintiff's Complaint,* Defendants admit those allegations in said paragraph that allege on February 24th Chad Miner, Lt. Dave Patterson and Jonathon Davis interviewed a confidential informant, deny his identity by name and affirmatively allege the identity of the confidential informant has only been by number.[3]

18.    In response to paragraph 18 of *Plaintiff's Complaint*, Defendants deny the allegations in said paragraph.

19.    In response to paragraph 19 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

---

[3] The identity of the confidential informant has not been by name, but by reference to a number. Without order of the Court which would require disclosure of the confidential informants name, Defendants deny identification of the confidential informant by name.

20.    In response to paragraph 20 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same. Defendants affirmatively allege that by investigation and information provided by the confidential informant, Defendants were aware that loaded guns were placed throughout the Wachsmuth residence and that the Wachsmuth's were exhibiting behavior consistent with paranoia.

21.    In response to paragraph 21 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

22.    In response to paragraph 22 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

23.    In response to paragraph 23 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

24.    In response to paragraph 24 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

25.    In response to paragraph 25 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

26.    In response to paragraph 26 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

27.    In response to paragraph 24 of *Plaintiff's Complaint*, Defendants admit the allegations contained in said paragraph.

28.    In response to paragraph 28 of *Plaintiff's Complaint*, Defendants affirmatively allege that based upon investigation, the information provided by the confidential informant and the

experience and training o f the officers involved, officers of the Powell Police Department admit that they consulted with and obtained the approval of the Chief of Police, and deny the remainder of the paragraph.

29.     In response to paragraph 29 of *Plaintiff's Complaint*, Defendants deny that portion of the paragraph which states "a group of twelve police officers, the SWAT team" and affirmatively allege that the Powell Police Department does not have a SWAT team. Defendants admit that officers of the Powell Police Department planned how to execute the search warrant they had obtained. Defendants admit that part of the plan to execute the search warrant involved the deployment of a flashbang device Defendants deny the remainder of said paragraph.

30.     In response to paragraph 30 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

31.     In response to paragraph 31 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

32.     In response to paragraph 32 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

33.     In response to paragraph 33 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

34.     In response to paragraph 34 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

35.     In response to paragraph 35 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

36.     In response to paragraph 36 of the *Plaintiff's Complaint*, Defendants admit that a primary team consisting of six officers, and five with long guns, were to announce "police, search warrant" and if the door did not open immediately, the ram was to be used for entry.  Defendants deny the remainder of the paragraph.

37.     In response to paragraph 37 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

38.     In response to paragraph 38 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

39.     In response to paragraph 39 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

40.     In response to paragraph 40 of *Plaintiff's Complaint* Defendants deny each and every allegation contained in said paragraph.

41.     In response to paragraph 41 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

42.     In response to paragraph 42 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

43.     In response to paragraph 43 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

44.     In response to paragraph 44 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

45.     In response to paragraph 45 of Plaintiff's Complaint, Defendants deny each and every allegation contained in said paragraph.

46.     In response to paragraph 46 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegation that the front door was unlocked, Defendants deny the remainder of the allegations in said paragraph..

47.     In response to paragraph 47 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

48.     In response to paragraph 48 of *Plaintiff's Complaint*, Defendants deny the device was thrown directly on the bed.  Defendants admit the flashbang device was deployed in the master bedroom, admit there was damage to some bedding and are without sufficient knowledge or information to form a belief as to the allegations contained in the remainder of the paragraph and therefore deny the same.

49.     In response to paragraph 49 of *Plaintiff's Complaint*, Defendants deny the allegation that they "failed to enter the residence from the back door" and affirmatively allege they did not plan or attempt to enter the residence from the back door. Defendants affirmatively allege that the officers at the back door were eventually let in the back door by other officers who had entered the residence. Defendants deny each and every other allegation contained in the remainder of the paragraph.

50.     In response to paragraph 50 of *Plaintiff's Complaint*, Defendants admit the Plaintiff was sitting on the couch in the proximity of the front door and are without knowledge as to what the Plaintiff was wearing and therefor deny the remaining allegations in said paragraph.

51.     In response to paragraph 51 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

52.     In response to paragraph 52 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

53.    In response to paragraph 53 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

54.    In response to paragraph 54 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

55.    In response to paragraph 55 of *Plaintiff's Complaint*, Defendants admit that Plaintiff stopped on the stairs, deny that Plaintiff was pushed forward by Officer Chretien while he pointed his rifle at her head.  Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in the remainder of the paragraph and therefore deny the same.

56.    In response to paragraph 56 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

57.    In response to paragraph of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

58.    In response to paragraph 58 of *Plaintiff's Complaint*, Defendants admit the allegations contained in said paragraph.

59.    In response to paragraph 59 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

60.    In response to paragraph 60 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

61.    In response to paragraph 61 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

62.    In response to paragraph 62 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph. Defendants affirmatively allege that miscellaneous drug paraphernalia, loaded

weapons and a drug grow log were confiscated during the lawful execution of the search warrant.

63.    In response to paragraph 63 of *Plaintiff's Complaint,* Defendants admit the allegations in said paragraph and affirmatively allege that associated prescription medications were recovered at the home. Defendants affirmatively allege that miscellaneous drug paraphernalia, loaded weapons and a drug grow log were confiscated during the lawful execution of the search warrant.

64.    In response to paragraph 64 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

65.    In response to paragraph of 65 of *Plaintiff's Complaint,* Defendants deny each and every allegation contained in said paragraph.

66.    In response to paragraph 66 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

67.    In response to paragraph 67 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

68.    In response to paragraph 68 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

69.    In response to paragraph 69 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

70.    In response to paragraph 70 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

71.    In response to paragraph 71 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

72.    In response to paragraph 72 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

73.    In response to paragraph 73 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

74.    In response to paragraph 74 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

75.    In response to paragraph 75 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph

76.    In response to paragraph 76 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

77.    In response to paragraph 77 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

78.    In response to paragraph 78 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph

79.    In response to paragraph 79 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph

80.    In response to paragraph 80 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

81.    In response to paragraph 81 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

82.    In response to paragraph 82 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

83.    In response to paragraph 83 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

### Count I. Violation of Plaintiff's Constitutional Right to be Free of Unreasonable Search and Seizure Pursuant to the Fourth Amendment in the Use of the SWAT Team.

84.    Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in paragraph 84 of the *Plaintiff's Complaint* [4].

85.    In response to paragraph 85 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

86.    In response to paragraph 86 of the *Plaintiff's Complaint*, Defendants admit that the marijuana grow operation involved at least two plants, and deny there was no evidence of any prior distribution of drugs by the Plaintiff or her husband.

87.    In response to paragraph 87 of the *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and

---

[4] Defendants generally deny those unnumbered paragraphs of *Plaintiff's Complaint* which are at the beginning of each numbered count.

therefore deny the same. Defendants affirmatively allege that by investigation and information provided by the confidential informant, Defendants were aware that loaded guns were placed throughout the Wachsmuth residence.

88.    In response to paragraph 88 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

89.    In response to paragraph 89 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

90.    In response to paragraph 90 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

91.    In response to paragraph 91 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

92.    In response to paragraph 92 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

93.    In response to paragraph 93 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

94.    In response to paragraph 94 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

95.    In response to paragraph 95 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

96.    In response to paragraph 96 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

97.    In response to paragraph 97 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

98.    In response to paragraph 98 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

99.    In response to paragraph 99 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

100.    In response to paragraph 100 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

101.    In response to paragraph 101 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

102.    In response to paragraph 102 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

***Count II. Use of the Flashbang Device Constituted Excessive Force and Violated Plaintiff's Fourth Amendment Right to be Free from Unreasonable Search and Seizure.***

103.    In response to paragraph 103 of *Plaintiff's Complaint,* Defendants deny each and every allegation contained in said paragraph.

104.    In response to paragraph 104 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

105.    In response to paragraph 105 of *Plaintiff's Complaint*, Defendants admit that the device landed on the Plaintiff's bed. Defendants are without sufficient knowledge or information as to the allegation that it started a fire and therefore deny the same.

106.    In response to paragraph 106 of *Plaintiff's Complaint,* Defendants admit that surveillance indicated a person who was suspected to be a child had been seen entering into the premises, and had not been seen leaving the premises, but affirmatively allege that the person identified as the child was actually later determined to have been the Plaintiff.

107.    In response to paragraph 107 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

108.    In response to paragraph 108 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

109.    In response to paragraph 109 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

110.    In response to paragraph 110 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

111.    In response to paragraph 111 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

112.    In response to paragraph 112 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

113.    In response to paragraph 113 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

114.    In response to paragraph 114 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

115.    In response to paragraph 115 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

116.    In response to paragraph 116 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

117.    In response to paragraph 117 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

118.    In response to paragraph 118 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

119.    In response to paragraph 119 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

120.    In response to paragraph 120 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

121.    In response to paragraph 121 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count III. Use of Excessive Force in Using Plaintiff as a Human Shield

122.    .In response to paragraph 122 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

123.    In response to paragraph 123 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

124.    In response to paragraph 124 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

125.    In response to paragraph 125 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

126.    In response to paragraph 126 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

127.    In response to paragraph 127 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

128.    In response to paragraph 128 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

129.    In response to paragraph 129 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

130.    In response to paragraph 130 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

131.    In response to paragraph 131 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

132.    In response to paragraph 132 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

133.    In response to paragraph 133 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

134.    In response to paragraph 134 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

135.    In response to paragraph 135 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

136.    In response to paragraph 136 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

## Count IV. Use of Excessive Force by Officer Minor in Keeping the Plaintiff at Gunpoint During the Search of the Premises

137.    In response to paragraph 137 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

138.    In response to paragraph 138 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

139.    In response to paragraph 139 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

140.    In response to paragraph 140 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

141.    In response to paragraph 141 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

142.    In response to paragraph 142 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

143.    In response to paragraph 143 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

144.    In response to paragraph 144 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

145.    In response to paragraph 145 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

146.    In response to paragraph 146 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

147.    In response to paragraph 147 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

148.    In response to paragraph 148 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

**Count V. Use of Excessive Force in Failing to Knock and Announce**

149.    In response to paragraph 149 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

150.    In response to paragraph 150 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

151.    In response to paragraph 151 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

152.    In response to paragraph 152 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

153.    In response to paragraph 153 of *Plaintiff's Complaint*, Defendants admit the allegations contained in said paragraph.

154.    In response to paragraph 154 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

155.    In response to paragraph 155 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

156.    In response to paragraph 156 of *Plaintiff's Complaint*, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained therein and therefore deny the same.

157.    In response to paragraph 157 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

158.    In response to paragraph 158 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

159.    In response to paragraph 159 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

160.    In response to paragraph 160 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

161.    In response to paragraph 161 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

162.    In response to paragraph 162 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

163.    In response to paragraph 163 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

164.    In response to paragraph 164 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count VI. Liability of Tim Feathers for his Supervisory Role in the Search, His Failure to Properly Supervise the Search and his Failure to Properly Train his Officers.

165.    In response to paragraph 165 of *Plaintiff's Complaint*, Defendants admit the allegations in said paragraph.

166.    In response to paragraph 166 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

167.    In response to paragraph 167 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

168.    In response to paragraph 168 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

169.    In response to paragraph 169 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

170.    In response to paragraph 170 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

171.    In response to paragraph 171 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

172.    In response to paragraph 172 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

173.    In response to paragraph 173 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

174.    In response to paragraph 174 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

175.    In response to paragraph1753 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

176.    In response to paragraph 176 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

177.    In response to paragraph 177 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

178.    In response to paragraph 178 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

179.    In response to paragraph 179 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count VII. Liability of the City of Powell for Reckless Indifference to the Fourth Amendment Rights of the Plaintiff in the Context of the Official Actions of the Chief of Police in Approving the Plan for Execution of the Search Warrant

180.    In response to paragraph 180 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

181.    In response to paragraph 181of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

182.    In response to paragraph 182 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

183.    In response to paragraph 183 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

184.    In response to paragraph 184 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

185.    In response to paragraph 185 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

186.    In response to paragraph 186 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count VIII. Liability of the City of Powell for Failure to Train

187.    In response to paragraph 187 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

188.    In response to paragraph 188 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or

deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

189.   In response to paragraph 189 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

190.   In response to paragraph 190 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

191.   In response to paragraph 191 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

192.   In response to paragraph 192 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

193.   In response to paragraph 193 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count IX. Intentional Infliction of Emotional Distress by the Officers
### Participating in the Search

194.   In response to paragraph 194 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

195.    In response to paragraph 195 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

196.    In response to paragraph 196 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

197.    In response to paragraph 197 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

198.    In response to paragraph 198 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

199.    In response to paragraph 199 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count X. Liability of the City of Powell and Chief Feathers under Plaintiff's Intentional Infliction of Emotional Distress Claim

200.    In response to paragraph 200 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

201.    In response to paragraph 201 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

202.    In response to paragraph 202 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

203.    In response to paragraph 203 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

204.    In response to paragraph 204, sub-paragraphs a-d of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

### Count XI. Violation of The Wyoming State Constitution

205.    In response to paragraph 205 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

206.    In response to paragraph 206 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

207.    In response to paragraph 207 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein..

### Damages Applicable to all Counts

208.    In response to paragraph 208 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

209.    In response to paragraph 209, sub-paragraphs a-e of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

210.    In response to paragraph 210 of *Plaintiff's Complaint*, Defendants deny each and every allegation contained in said paragraph.

211.    In response to paragraph 211 of the *Plaintiff's Complaint*, the allegations in said paragraph are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, Defendants deny each and every allegation contained therein.

212.    The Defendants deny each and every other allegation, however captioned or entitled, contained in the *Plaintiff's Complaint* that has not specifically been admitted hereinabove.

### Assertion of Affirmative Defenses

213.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the pleading fails to state a claim upon which relief can be granted.

214.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the claims and causes of action set forth therein are barred as a matter of fact and law by the applicable statute of limitations.

215.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

216.    As a further and separate defense to the *Plaintiff's Complaint*, Defendant Feathers asserts that he is entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

217.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the claim for punitive damages is barred as a matter of fact and law and is unconstitutional.

218.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff has failed to mitigate any damage she may have incurred or suffered as the result of any action or conduct of the Defendants.

219.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff has failed to comply with the Wyoming Governmental Claims Act, Wyo. Stat. §§1-39-101, *et seq.*, to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a condition precedent to the filing of this action.

220.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

221.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of action asserted therein.

222.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff, by her conduct, has waived the right to assert any of the claims or causes of action asserted therein.

223.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

224.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff has failed to exhaust her administrative remedies and thereby is barred from asserting any of her claims or causes of action.

225.    As a further and separate defense to the *Plaintiff's Complaint*, the Defendants assert that the Plaintiff's notice of claims is defective and, therefore, the court lacks subject matter jurisdiction over this action and the claims and causes of action asserted therein.

226    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that this Court lacks jurisdiction over Plaintiff's state law claims.

227.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that Plaintiff's claims are barred by the doctrine of qualified immunity and/or "good faith" qualified immunity.

228.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that Defendants' actions met the applicable standard of care and they used only necessary and reasonable force.

229.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that Defendants were privileged and authorized by law to act as they did.

230.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that Defendants' acts were reasonably necessary to protect the public good.

231.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that, under the circumstances of this case, the acts of Defendants are objectively reasonable.

232.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that the events, injuries and damages described in the Complaint were caused by the sole negligence and actions of the Plaintiff or were contributed to by the negligence of Plaintiff and she assumed the risk that such events, injuries and damages might occur and, therefore, limit or bar any recovery.

233.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that no act or omission of the Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

234.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants that they are entitled to absolute immunity under the circumstance of this case and the action at issue.

235.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants asserts that they are absolved of any liability by the completion of valid process through the signing of the warrant and the filing of a criminal information.

236.    As a further and separate defense to the *Plaintiff's Complaint*, the individual Defendants assert that Plaintiff's claims under barred under the rationale of *Heck v. Humphrey* and the *Younger* abstention doctrines.

237.    The Defendants reserves the right to amend these pleadings to assert any further or additional affirmative defenses that discovery in this case discloses.

**WHEREFORE**, the Defendants respectfully request that the *Plaintiff's Complaint* be dismissed with prejudice, that the Defendants be awarded their attorney's fees, costs, and expenses of this action, and for such other and further relief as the Court deems just and proper under the circumstances.

**DATED** this 30th day of March, 2010.

Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
P.O. Box 999
616 West Buffalo
Rawlins, WY 82301
(307) 324-2713
(307) 324-7348 - fax

## CERTIFICATE OF SERVICE

     This is to certify that on the 30th day of March, 2010, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

Jeffrey C. Gosman
Gosman Law Office
P.O. Box 51267
Casper, WY 82601

Misha Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor West
Cheyenne, WY 82002


_____
For MacPherson, Kelly, & Thompson, LLC

Mailed By: _____