Bruce Salzburg
Wyoming Attorney General

John Renneisen
Deputy Attorney General

Misha Westby – WY Bar No. 6-2826
Senior Assistant Attorney General
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY 82002
T: (307) 777-5457
F: (307) 777-8920
E: mwestb@state.wy.us

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Tricia Wachsmuth, | ) | |
| | ) | |
| Plaintiff, | ) | 10-CV-041-J |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Powell, Tim Feathers, Chad Miner, | ) | |
| Mike Chretien, Roy Eckerdt. Dave Brown, | ) | |
| Mike Hall, Brett Lara, Matt McCaslin, | ) | |
| Alan Kent, Matthew Danzer, Officer Brilakis, | ) | |
| Lee Blackmore, Cody Bradley, Kirk Chapman | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

Tim Feathers, Chad Miner, Mike Chretien, Roy Echerdt, Dave Brown, Mike Hall, Brett Lara, Matt McCaslin, Alan Kent, Matthew Danzer, Matt Brilakis, Lee Blackmore, and Cody Bradley,[1] in their individual capacity for any federal claims and for state law

---

[1] Kirk Chapman has not yet been served with the Complaint or Amended Complaint.

claims,[2] (hereinafter collectively referred to as "individual Defendants") by and through the Office of the Attorney General of the State of Wyoming, hereby file their Answer to Plaintiff's Amended Complaint.[3]

### *Preliminary Statement of the Case*

1. In response to the allegations contained in paragraphs 1 and 2 of this section of Plaintiff's Amended Complaint, the individual Defendants assert that no answer is required since the allegations are simply statements of law, to the extent that an answer is required, the allegations are denied.

### *Jurisdiction and Venue*

2. In response to the allegations contained in paragraphs 2,[4] 9, 10 and 11 of this section of Plaintiff's Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

---

[2] The Plaintiff has still failed to assert whether the Defendants are sued in the official or individual capacity. When a plaintiff fails to specifically allege whether his claims are against a government official in his official or individual capacity, the suit is treated as a claim against the government official in his official capacity only. *See Baker v. Chisholm*, 501 F.3d 920, 923 (8th Cir. 2007).

[3] Not all Defendants have information about all of the allegations contained in the answer, therefore, the answer may be based on the information of one or more Defendants.

[4] There are two paragraphs numbered 2, one under the preliminary statement and one under jurisdiction and venue. The individual Defendants will follow the numbering used by the Plaintiff.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 2 of 20

3. In response to the allegations contained in paragraphs 3 and 5 of this section of Plaintiff's Amended Complaint, the individual Defendants assert that no answer is required since the allegations are simply statements of law, to the extent that an answer is required, the allegations are denied.

4. In response to the allegations contained in paragraph 4 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

5. In response to the allegations contained in paragraph 6 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that the warrant was executed on February 24, 2009 and deny all other allegations contained therein.

6. In response to the allegations contained in paragraph 7 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that a claim was filed and deny all other allegations contained therein.

7. In response to the allegations contained in paragraph 8 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegation as to Appendix one contained therein and all other allegations not specifically admitted herein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 3 of 20

*Parties*

8.    In response to the allegations contained in paragraphs 12 and 13 of this section of Plaintiff's Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

9.    In response to the allegations contained in paragraphs 14, 15 and 16 of this section of Plaintiff's Amended Complaint, the individual Defendants admit the allegations contained therein.

*Facts Common to all Claims*

10.    In response to the allegations contained in paragraph 17 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegation to the extent that it names a confidential informant that is identified only by number in all reports. To the extent that such information is deemed necessary, the Defendants will provide such information based on court order.

11.    In response to the allegations contained in paragraphs 18, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 47, 48, 49, 50, 51, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 68, 69, 70, 71, 72, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 and 88 of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 4 of 20

12. In response to the allegations contained in paragraphs 19 and 20 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that they had information pertaining to guns in the home and in the possession of Bret Wachsmuth and deny the remaining allegations to the extent that it names a confidential informant that is identified only by number in all reports.

12. In response to the allegations contained in paragraphs 22, 45 of this section of Plaintiff's Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

13. In response to the allegations contained in paragraph 23 of this section of Plaintiff's Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegation specifically as to a history of violence, but assert that there was information regarding Bret Wachsmuth about weapons, paranoia and other concerns.

14. In response to the allegations contained in paragraphs 30, 37, 44, 46, 73, 76, 80 and 81 of this section of Plaintiff's Amended Complaint, the individual Defendants admit the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 5 of 20

15. In response to the allegations contained in paragraph 31 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations and assert that based upon investigation, information provided by the confidential informant, and the experience and training of the officers involved, officers of the Powell Police Department admit that they consulted with and obtained the approval of the Chief of Police.

16. In response to the allegations contained in paragraphs 38 and 40 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that officers of the Powell Police Department planned how to execute the search warrant they had obtained. Defendants admit that part of the plan to execute the search warrant involved the deployment of a flashbang device Defendants deny the remainder of said paragraph.

17. In response to the allegations contained in paragraph 39 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that a primary team consisting of six officers, and five with long guns, were to announce "police, search warrant" and if the door did not open immediately, the ram was to be used for entry. Defendants deny the remainder of the paragraph.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 6 of 20

18. In response to the allegations contained in paragraph 52 of this section of Plaintiff's Amended Complaint, the individuals admit that the flashbang device was deployed into the master bedroom but deny the remainder of the paragraph and all other allegations not specifically admitted herein.

19. In response to the allegations contained in paragraph 53 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegation that they "failed to enter the residence from the back door" and affirmatively allege that there was no such plan, and deny the remainder of the paragraph.

20. In response to the allegations contained in paragraph 54 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that the Plaintiff was sitting on the couch and are without sufficient knowledge or information to form a belief as to the allegations in the remainder of the paragraph and therefore deny the same.

21. In response to the allegations contained in paragraph 56 of this section of the Plaintiff's Amended Complaint, the individual Defendants deny the allegations and affirmatively allege that the Plaintiff hesitated prior to responding to the question.

22. In response to the allegations contained in paragraphs 66 and 67 of this section of the Plaintiff's Amended Complaint, the individual Defendants admit the allegations contained therein and affirmatively assert that were also guns, grow logs, photographs and many additional items also seized.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 7 of 20

### *Count I. Violation of Plaintiff's Constitutional Right to be Free of Unreasonable Search and Seizure Pursuant to the Fourth Amendment in the Use of the SWAT Team*.

23. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in paragraph 89 of this section of Plaintiff's Amended Complaint.

25. In response to the allegations contained in paragraphs 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107 and 108 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count II.  Use of the Flashbang Device Constituted Excessive Force and Violated Plaintiff's Fourth Amendment Right to be Free from Unreasonable Search and Seizure.*

26. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 8 of 20

27. In response to the allegations contained in paragraphs 109, 110, 111, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 127 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

28. In response to the allegations contained in paragraph 112 of this section of Plaintiff's Amended Complaint, the individual Defendants admit that the surveillance indicated a child was seen entering the residence but assert that the person initially identified as a child was actually the Plaintiff.

### *Count III. Use of Excessive Force in Using Plaintiff as a Human Shield*

29. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

30. In response to the allegations contained in paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141 and 142 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 9 of 20

### *Count IV. Use of Excessive Force by Officer Minor in Keeping the Plaintiff at Gunpoint During the Search of the Premises*

31. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

32. In response to the allegations contained in paragraphs 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154 and 155 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count V. Use of Excessive Force in Failing to Knock and Announce*

33. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

34. In response to the allegations contained in paragraphs 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172 and 173 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 10 of 20

*Count VI. Liability of Tim Feathers for his Supervisory Role in the Search, His Failure to Properly Supervise the Search and his Failure to Properly Train his Officers.*

35.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

36.     In response to the allegations contained in paragraphs 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184 and 185 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

*Count VII. Liability of the City of Powell for Reckless Indifference to the Fourth Amendment Rights of the Plaintiff in the Context of the Official Actions of the Chief of Police in Approving the Plan for Execution of the Search Warrant*

37.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

38.     In response to the allegations contained in paragraphs 186, 187, 188, 189, 190, 191, 192 and 193 of this section of Plaintiff's Amended Complaint, the individual

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 11 of 20

Defendants assert that these allegations do not relate to the individual Defendants, to the extent that they are intended to apply to these Defendants they are denied.

### *Count VIII. Liability of the City of Powell for Failure to Train*

39. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

40. In response to the allegations contained in paragraphs 194, 195, 196, 197, 198, 199 and 200 of this section of Plaintiff's Amended Complaint, the individual Defendants assert that these allegations do not relate to the individual Defendants, to the extent that they are intended to apply to these Defendants they are denied.

### *Count IX. Intentional Infliction of Emotional Distress by the Officers Participating in the Search*

41. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 12 of 20

40. In response to the allegations contained in paragraphs 201, 202, 203, 204, 205 and 206 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count X. Liability of the City of Powell and Chief Feathers under Plaintiff's Intentional Infliction of Emotional Distress Claim*

41. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

42. In response to the allegations contained in paragraphs 207, 208, 209, 210 and 211 a-d of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count Xl. Violation of The Wyoming State Constitution*

43. The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Amended Complaint.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 13 of 20

44. In response to the allegations contained in paragraphs 212, 213 and 214 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Damages Applicable to all Counts*

45. In response to the allegations contained in paragraphs 215, 216a-e, 217 and 218 of this section of Plaintiff's Amended Complaint, the individual Defendants deny the allegations contained therein and move that they be stricken as contrary to the law and to the facts of this case.

### *Affirmative Defenses*

1. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the pleading fails to state a claim upon which relief can be granted.

2. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the claims and causes of action set forth therein are barred as a matter of fact and law by the applicable statute of limitations.

3. As a further and separate defense to the Plaintiff's Amended Complaint, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 14 of 20

4. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that they are entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

5. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the claim for damages is barred as a matter of fact and law and is unconstitutional.

6. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff has failed to mitigate any damage she may have incurred or suffered as the result of any action or conduct of the Defendants.

7. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff has failed to comply with the Wyoming Governmental Claims Act, Wyo. Stat. §§1-39-101, et seq., to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a condition precedent to the filing of this action.

8. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 15 of 20

9. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of action asserted therein.

10. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff, by her conduct, has waived the right to assert any of the claims or causes of action asserted therein.

11. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

12. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff has failed to exhaust her administrative remedies and thereby is barred from asserting any of her claims or causes of action.

13. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the Plaintiff's notice of claims is defective and the required allegations regarding such claims in the Answer are defective as to date and, therefore, the court lacks subject matter jurisdiction over this action and the claims and causes of action asserted therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 16 of 20

14. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that this Court lacks jurisdiction over Plaintiff's state law claims.

15. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that Plaintiff's claims are barred by the doctrine of qualified immunity and/or "good faith" qualified immunity.

16. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that Defendants' actions met the applicable standard of care and they used only necessary and reasonable force.

17. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that Defendants were privileged and authorized by law to act as they did.

18. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that Defendants' acts were reasonably necessary to protect the public good.

19. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that, under the circumstances of this case, the acts of Defendants are objectively reasonable.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 17 of 20

20. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that the events, injuries and damages described in the Complaint were caused by the sole negligence and actions of the Plaintiff or were contributed to by the negligence of Plaintiff and he assumed the risk that such events, injuries and damages might occur and, therefore, limit or bar any recovery.

21. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that no act or omission of the Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

22. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that they are entitled to absolute quasi-judicial immunity under the circumstance of this case and the action at issue.

23. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants asserts that they are absolved of any liability by the completion of valid process through the signing of the warrant and the filing of a criminal information.

24. As a further and separate defense to the Plaintiff's Amended Complaint, Defendant Hahn asserts that Plaintiff's claims under barred under the rationale of *Heck v. Humphrey* and the *Younger* abstention doctrines.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 18 of 20

25. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert that there are no federal claims pled against these Defendants in their individual capacity as required by Fed. R. Civ. P. 8(a)(2) and 9(a).

26. As a further and separate defense to the Plaintiff's Amended Complaint, the individual Defendants assert the Plaintiff has failed to assert whether the Defendants are sued in the official or individual capacity and therefore, the suit is treated as a claim against the government official in his official capacity only. *See Baker v. Chisholm*, 501 F.3d 920, 923 (8th Cir. 2007).

27. Defendants reserve the right to amend their answer to assert additional defenses as further investigation and discovery warrant.

**WHEREFORE**, the individual Defendants respectfully request that the Plaintiff's Amended Complaint be dismissed with prejudice, that the Defendants be awarded their attorney's fees, costs, and expenses of this action, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED this 12th day of July, 2010.

/s/
Misha Westby – WSB No. 6826
Senior Assistant Attorney General

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 19 of 20

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2010, the foregoing was served electronically via CM/ECF to the following individuals:

| | |
|---|---|
| Jeffrey C. Gosman | Tom Thompson |
| Gosman Law Office | MacPherson, Kelly & Thompson |
| PO Box 51267 | PO Box 999 |
| Casper, WY 82601-2481 | Rawlins, WY  82301-0999 |
| E:  Jeff@gosmanlawoffices.com | E:  tthompson@wyomingattorneys.net |

/s/ Lee Ann Schutt
Office of the Wyoming Attorney General

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Amended Complaint
Page 20 of 20