**SUBMITTED BY:**
JEFFREY C. GOSMAN
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (fax.)
(307) 265-3082 (ph.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Tricia Wachsmuth, | Case No. **10 cv 041J** |
| Plaintiff, | |
| vs. | |
| City of Powell, and in their individual capacity, Tim Feathers, Chad Miner, Mike Chretien, Roy Eckerdt, Dave Brown, Mike Hall, Brett Lara, Matt McCaslin, Alan Kent, Matt Danzer, Officer Brilakis, Lee Blackmore, Cody Bradley, Kirk Chapman John Does #1 - #4, | |
| Defendants. | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

*Comes Now*, Plaintiff, Tricia Wachsmuth, by and through counsel Jeff Gosman of **GOSMAN LAW OFFICE** and moves the Court pursuant to Rule 37 FRCP and Rule 37.1 and 37.2 of the USDCLR for an order compelling discovery.

1.   Plaintiff certifies to the Court that she has attempted in good faith to resolve

-1-

this discovery dispute.

2. The Plaintiff served her first discovery request on the Defendant on the 17th of May, 2010, and served her second discovery request on June 10, 2010. *See Appendix One.*

3. The Defendants served their response to Plaintiff's first written discovery request on the 25th of June, 2010, and their response to Plaintiff's second discovery request on July 16, 2010. *See Appendix Two.*

4. The discovery dispute is narrow. The Defendants refuse to tender certain documents and to answer one interrogatory relating to the confidential informant used by the City of Powell to secure the search warrant, because the Wyoming Public Records Act requires a court order for the release of personnel records, and because records of investigations are also protected under the Act.

5. The Defendants seek protection from the Court against any claims of unlawful disclosure by any Defendant of the requested information. This is the basis for the objection.

6. The Defendants have failed to respond to Interrogatory No. 3, which requested

information about how the Powell Police Department came in contact with the confidential informant, and the nature of any suspected criminal activity of the confidential informant and the disposition of those criminal charges and any evidence pertaining to the suspected criminal activity of the confidential informant.

7. The Defendants have refused to produce documents relative to the confidential informant and have refused to produce the personnel records of the individual Powell Police Officers including Chief Feathers, named in the suit and have requested a court order requiring their production and a protective order governing their use.

8. The parties are negotiating a protective order.

9. The Defendant's specific objection to Plaintiff's Interrogatory No. 3 or to the production of information concerning the confidential informant is identified as Wyoming Statute § 16-4-203(b)(i) which provides:

(b) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest:
    (i) Records of investigations conducted by, or of intelligence information or security procedures of, any sheriff, county attorney, city

      attorney, the attorney general, the state auditor, police department or any investigatory files compiled for any other law enforcement or prosecution purposes;

10. The basis for the Defendants' specific objection to the personnel records of the officers is found at Wyoming Statute § 16-4-203(d)(iii):

   (d) The custodian shall deny the right of inspection of the following records, unless otherwise provided by law:

       (iii) Personnel files except those files shall be available to the duly elected and appointed officials who supervise the work of the person in interest. Applications, performance ratings and scholastic achievement data shall be available only to the person in interest and to the duly elected and appointed officials who supervise his work. Employment contracts, working agreements or other documents setting forth the terms and conditions of employment of public officials and employees are not considered part of a personnel file and shall be available for public inspection;

11. An order of the Court granting Plaintiff access to this information satisfies the Wyoming Public Records Act under Wyoming Statute § 16-4-203(b)(I) and (d)(iii) as otherwise provided by law.

12. Plaintiff's claims are based primarily on alleged violations of 42 U.S.C. § 1983. As such, the federal law of privilege applies to discovery issues in this case. ***Cisneros v. Town of Center***, 2009 WL 2568534, p. 2 (D. CO. 2009).

***Everitt v. Brezzel***, 750 F. Supp. 1063, ***1066*** (D. Ct. CO 1990).

13. Under the federal law of privilege the analysis is based upon the following: "[T]he public interest in the confidentiality of governmental information against the need of a litigant to obtain data, not otherwise available to him." ***Everitt v. Brezzel***, 750 F. Supp. At ***1067***, quoting ***Frankenhauser v. Rizzo***, 59 F.R.D. 339 (E.D. PA.1973).

14. Since the case involves proving that the City of Powell negligently employed, supervised or trained the officers in question, the personnel files of each officer are important sources for information regarding training, performance and discipline. Plaintiff has no other access to most of this information.

15. The information concerning how the Powell police department came in contact with the confidential informant, what criminal activity the confidential informant was himself then suspected of and what evidence supported those suspicions is known exclusively to the City of Powell police department. There is no other way for Plaintiff to obtain this information.

16. In connection with this discovery, the Defendants have not an raised an objection to relevance. The Defendants have not raised an objection that the

discovery is overly broad or difficult to obtain. Thus, there is no inquiry regarding those issues. Generally, personnel records and investigation results are disclosed in a § 1983 action. **Auguste v. Alderden**, 2008 WL 3211283, p. 10 (D. Ct. CO. 2008); **Jensen v. Utah**, 247 FRD 664 (D. Ct. UT 2007); **Cisneros v. Town of Center**, 2009 WL 2568534 (D. CO. 2009); **Everitt v. Brezzel**, 750 F. Supp. 1063 (D. Ct. CO 1990).

17. The basis for these holdings as they pertain to the personnel files is that an individual's personnel file is normally produced if the individual is alleged to have played an important role in the decision or incident that gives rise to the lawsuit. **C.T. v. Liberal School Dist.**, 2008 WL 394217 p. 3 (D. Ct. KA 2008); **Beach v. City of Olathe**, 2000 WL 960808 p. 3 (D. Ct. KA 2000). According to the discovery provided by the Defendant City of Powell and the officers in their official capacity: "Each individually named Defendant played some role either in the investigation, the planning or the execution of the search warrant." *See Appendix Two - Defendants' Responses to Plaintiff's First Discovery Request Directed to All Defendants- answer to Interrogatory No. Two.*

**Wherefore**, Plaintiff prays that the Court order production of the personnel

files of the individual defendants, for all documents relating to the use of the confidential informant in the underlying criminal investigation, and to supply an answer to interrogatory No. 3 regarding the confidential informant.

Monday, August 2, 2010

>Respectfully submitted,
>
>_____-S-_____
>JEFFREY C. GOSMAN
>Plaintiff's Counsel
>GOSMAN LAW OFFICE
>PO Box 51267
>Casper, Wyoming 82601
>(307) 265-3082 (ph.)
>(307) 265-6715 (fax.)

### Certificate of Service

I hereby certify that true and correct copies of the foregoing document was served this Monday, August 2, 2010 by ***e-submission*** to the following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>(307) 777-5477<br>(307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>(307) 324-2713<br>(307) 324-7348<br>tthompson@wyomingattorneys.net |

_____-S-_____
Jeff Gosman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | CASE NO.  10 cv 041J |
|---|---|
| Tricia Wachsmuth,<br><br>     Plaintiff,<br><br>v.<br><br>City of Powell, Et. Al.,<br><br>     Defendants. | |

***O****RDER*

***This Matter***, comes before the Court on the Plaintiff, Tricia Wachsmuth's, motion to compel discovery, and the Court having considered the motion and the responses filed,

***Now Therefore***, the Court orders that the Defendants provide to the Plaintiff's counsel, subject to the entry of the protective order, the personnel files of each individual Defendant and all documents concerning or relating to the use of the confidential informant in the investigation.  The Defendants are also required to respond to Plaintiff's interrogatory No. 3 concerning the use of the confidential informant.

***Dated*** this _____ day of _____, 2010.

_____
Honorable Magistrate William C. Beaman