**SUBMITTED BY:**
JEFFREY C. GOSMAN
GOSMAN LAW OFFICE
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (fax.*)*
(307) 265-3082 (ph.*)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Tricia Wachsmuth, | ) | Case No.  **10  cv  041J** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Powell, and in their individual capacity, | ) | |
| Tim Feathers, Chad Miner, | ) | |
| Mike Chretien,Roy Eckerdt, Dave Brown, | ) | |
| Mike Hall, Brett Lara, Matt McCaslin, | ) | |
| Alan Kent, Matt Danzer, Officer Brilakis, | ) | |
| Lee Blackmore, Cody Bradley, Kirk Chapman | ) | |
| John Does #1 - #4, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

*Comes Now*, Plaintiff, Tricia Wachsmuth, by and through counsel Jeff Gosman

of **GOSMAN LAW OFFICE** and moves the Court pursuant to Rule 37 FRCP and Rule

37.1 and 37.2 of the USDCLR for an order compelling discovery.

1.      Plaintiff certifies to the Court that she has attempted in good faith to resolve

this discovery dispute.

2.      The Plaintiff served her first discovery request on the Defendant on the 17th of

May, 2010, and served her second discovery request on June 10, 2010.  *See*

*Appendix One.*

3.      The Defendants served their response to Plaintiff's first written discovery

request on the 25th of June, 2010, and their response to Plaintiff's second

discovery request on July 16, 2010.  *See Appendix Two.*

4.      The discovery dispute is narrow.   The Defendants refuse to tender certain

documents and to answer one interrogatory relating to the confidential

informant used by the City of Powell to secure the search warrant, because the

Wyoming Public Records Act requires a court order for the release of

personnel records, and because records of investigations are also protected

under the Act.

5.      The Defendants seek protection from the Court against any claims of unlawful

disclosure by any Defendant of the requested information.  This is the basis for

the objection.

6.      The Defendants have failed to respond to  Interrogatory No. 3, which requested

information about how the Powell Police Department came in contact with the confidential informant, and the nature of any suspected criminal activity of the confidential informant and the disposition of those criminal charges and any evidence pertaining to the suspected criminal activity of the confidential informant.

7. The Defendants have refused to produce documents relative to the confidential informant and have refused to produce the personnel records of the individual Powell Police Officers including Chief Feathers, named in the suit and have requested a court order requiring their production and a protective order governing their use.

8. The parties are negotiating a protective order.

9. The Defendant's specific objection to Plaintiff's Interrogatory No. 3 or to the production of information concerning the confidential informant is identified as Wyoming Statute § 16-4-203(b)(i) which provides:

(b) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest:
　　(i) Records of investigations conducted by, or of intelligence information or security procedures of, any sheriff, county attorney, city

attorney, the attorney general, the state auditor, police department or any investigatory files compiled for any other law enforcement or prosecution purposes;

10.   The basis for the Defendants' specific objection to the personnel records of the

officers is found at Wyoming Statute § 16-4-203(d)(iii):

(d) The custodian shall deny the right of inspection of the following records, unless otherwise provided by law:

(iii) Personnel files except those files shall be available to the duly elected and appointed officials who supervise the work of the person in interest. Applications, performance ratings and scholastic achievement data shall be available only to the person in interest and to the duly elected and appointed officials who supervise his work. Employment contracts, working agreements or other documents setting forth the terms and conditions of employment of public officials and employees are not considered part of a personnel file and shall be available for public inspection;

11.   An order of the Court granting Plaintiff access to this information satisfies the

Wyoming Public Records Act under Wyoming Statute § 16-4-203(b)(I) and

(d)(iii) as otherwise provided by law.

12.   Plaintiff's claims are based primarily on alleged violations of 42 U.S.C. §

1983.  As such, the federal law of privilege applies to discovery issues in this

case. ***Cisneros v. Town of Center***, 2009 WL 2568534, p. 2 (D. CO. 2009).

-4-

*Everitt v. Brezzel*, 750 F. Supp. 1063, *1066* (D. Ct. CO 1990).

13. Under the federal law of privilege the analysis is based upon the following: "[T]he public interest in the confidentiality of governmental information against the need of a litigant to obtain data, not otherwise available to him." *Everitt v. Brezzel*, 750 F. Supp. At *1067*, quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. PA.1973).

14. Since the case involves proving that the City of Powell negligently employed, supervised or trained the officers in question, the personnel files of each officer are important sources for information regarding training, performance and discipline. Plaintiff has no other access to most of this information.

15. The information concerning how the Powell police department came in contact with the confidential informant, what criminal activity the confidential informant was himself then suspected of and what evidence supported those suspicions is known exclusively to the City of Powell police department. There is no other way for Plaintiff to obtain this information.

16. In connection with this discovery, the Defendants have not an raised an objection to relevance. The Defendants have not raised an objection that the

discovery is overly broad or difficult to obtain.  Thus, there is no inquiry regarding those issues.  Generally, personnel records and investigation results are disclosed in a § 1983 action.  *Auguste v. Alderden*, 2008 WL 3211283, p. 10 (D. Ct. CO.  2008); *Jensen v. Utah*, 247 FRD 664 (D. Ct. UT 2007); *Cisneros v. Town of Center*, 2009 WL 2568534 (D. CO. 2009); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Ct. CO 1990).

17.   The basis for these holdings as they pertain to the personnel files is that an individual's personnel file is normally produced if the individual is alleged to have played an important role in the decision or incident that gives rise to the lawsuit.  *C.T. v. Liberal School Dist.*, 2008 WL 394217 p. 3 (D. Ct. KA 2008); *Beach v. City of Olathe*, 2000 WL 960808 p. 3 (D. Ct. KA 2000). According to the discovery provided by the Defendant City of Powell and the officers in their official capacity: "Each individually named Defendant played some role either in the investigation, the planning or the execution of the search warrant." *See Appendix Two - Defendants' Responses to Plaintiff's First Discovery Request Directed to All Defendants- answer to Interrogatory No. Two.*

*Wherefore*, Plaintiff prays that the Court order production of the personnel

files of the individual defendants, for all documents relating to the use of the confidential informant in the underlying criminal investigation, and to supply an answer to interrogatory No. 3 regarding the confidential informant.

Monday, August 2, 2010

Respectfully submitted,

_____ -S- _
JEFFREY C. GOSMAN
Plaintiff's Counsel
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, Wyoming 82601
(307) 265-3082 (ph.)
(307) 265-6715 (fax.)

### *Certificate of Service*

I hereby certify that true and correct copies of the foregoing document was served this Monday, August 2, 2010 by ***e-submission*** to the following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>       (307) 777-5477<br>       (307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>       (307) 324-2713<br>       (307) 324-7348<br>tthompson@wyomingattorneys.net |

_____ -S- _____
Jeff Gosman

# Appendix One

**SUBMITTED BY:**
Jeffrey C. Gosman
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (fax.*)*
(307) 265-3082 (ph.*)*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Tricia Wachsmuth,<br><br>                    Plaintiff,<br><br>vs.<br><br>City of Powell, Tim Feathers, Chad Miner,<br>Mike Chretien,Roy Eckerdt, Dave Brown,<br>Mike Hall, Brett Lara, Matt McCaslin,<br>Alan Kent, Matt Danzer, Officer Brilakis,<br>Lee Blackmore, Cody Bradley,<br>John Does #1 - #5<br><br>                    Defendants | Case No.  **10 cv 041J** |

### *Plaintiff's First Discovery Request Directed to All Defendants*

Comes Now, Plaintiff, by and through counsel Jeff Gosman of *Gosman Law Office*

and

### **_Definitions_**

*1.*    *Catalog* as that term is used herein means to number each item, name the item, provide

the date the item was created, identify to whom the item was circulated and from whom it originated, whether any other items are associated with it, and if so identify the associated items.

2.   *Document or Documents* mean paper, electronic, video or audio files, log, email, notes, memoranda, telephone logs, data or computer entry of any kind, comments, summaries, correspondence, biographical information, claim information, and tapes or videos of events or conversations.

3.   *Identify* means to produce the name, job title and contact information for each person identified, or the legal name and contact information of each entity identified.  If identify is used in connection with the description of a document, it means a description of the document sufficient to identify it, including, where appropriate, a reference to a page or section number.  When the term identify is used in relation to a computer it means to identify the location of the computer, the name to whom it is currently assigned, and the computer name if it has one.

4.   *Path and filename* when used hereinbelow means the complete identity of the file path and file name for any computer file or electronically stored document generated by a Pathfinder computer, PDA or other device that inputs information.

### *Plaintiff's Firsts Set of Interrogatories*

Plaintiff requests that Defendant answer the following interrogatories pursuant to Rule 33 of the FRCP and Rule 33.1 of the USDCLR.  ***Plaintiff also requests timely supplementation of any response to an interrogatory pursuant to Rule 26(e) FRCP***.

INTERROGATORY NO. 1.   Please list each witness you intend to call at trial, provide the name, address and phone number for that witness, and provide a detailed explanation of each issue to which the witness is expected to speak and what the witness will say on each issue.  (*Please timely supplement this interrogatory when the expected testimony of any witness becomes known*).

>      *ANSWER:*

INTERROGATORY NO. 2.   Please identify, as that term is defined above, each person who played any role in the investigation for the search warrant which is the subject of this litigation, the planning for the search or the execution of the search and summarize the role of each.

>      *ANSWER:*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff propounds the following requests for production pursuant to Rule 34 *FRCP*, which are to be updated or amended pursuant to Rule 26(e) *FRCP* when, and as, newly discovered information renders any prior production incorrect, incomplete or misleading.  As set out in Rule 34.1(b) *U.S.D.C.L.R.*:

> A request for production . . . shall be read reasonably in the recognition that the attorney serving it generally does not have knowledge of the documents being sought and the attorney receiving the request . . . generally has such knowledge or can obtain it from the client.

REQUEST FOR PRODUCTION NO. 1.   Please produce the personnel file or its equivalent, including any separate internal affairs or disciplinary files documents or information for each individual Defendant, including Cody Bradley, who is not a Defendant (unless Cody Bradley had nothing to do with the investigation of Bret or Tricia Wachsmuth, or the planning or execution of the search warrant).

**REQUEST FOR PRODUCTION NO. 2.**   Please produce all the material associated with the purchase of the distraction device used in the Wachsmuth residence, including training materials, handbooks of instruction, or other product information.

**REQUEST FOR PRODUCTION NO. 3.**   Please produce all the material associated dynamic entry in aid of a search or arrest warrant in the possession of the Powell Police Department on the date the Wachsmuth search warrant was executed.

**REQUEST FOR PRODUCTION NO. 4.**   Please produce the documentation, handbooks, or other materials for the entire training of each individual Defendant in the areas of Dynamic Entry, deployment or use of distraction devices, execution of search warrants, use of long guns or rifles in aid of any police activity, and any other professional law enforcement training received by the individual Defendants.

Monday, May 17, 2010

Respectfully submitted,

_____
JEFFREY C. GOSMAN
Plaintiff's Counsel
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, Wyoming 82601
(307) 265-3082 (ph.)
(307) 265-6715 (fax.)

*Certificate of Service*

I hereby certify that true and correct copies of the foregoing document was served this Monday, May 17, 2010 by forwarding a copy by US mail to the following parties in interest:

| Misha Westby | Tom Thompson |
|---|---|
| Senior Assistant Attorney General | MacPerson, Kelly & Thompson |
| 2424 Pioneer Avenue, 2nd Floor | P.O. 999 |
| Cheyenne, WY 82002 | Rawlins, WY 82301-0999 |
| (307) 777-5477 | (307) 324-2713 |
| (307) 777 8920 (f) | (307) 324-7348 |
| mwestb@state.wy.us | tthompson@wyomingattorneys.net |

Jeff Gosman

**SUBMITTED BY:**
JEFFREY C. GOSMAN
GOSMAN LAW OFFICE
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (fax.*)*
(307) 265-3082 (ph.*)*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Powell, Tim Feathers, Chad Miner,<br>Mike Chretien,Roy Eckerdt, Dave Brown,<br>Mike Hall, Brett Lara, Matt McCaslin,<br>Alan Kent, Matt Danzer, Officer Brilakis,<br>Lee Blackmore, Cody Bradley,<br>John Does #1 - #5<br><br>　　　　　Defendants | CASE NO.  *10 cv 041J* |

### PLAINTIFF'S SECOND DISCOVERY SET

Comes Now, Plaintiff, by and through counsel Jeff Gosman of GOSMAN LAW OFFICE

and submits her Second Discovery Set.

Definitions:

1.　　*Incident*. The term incident includes any act, or communication whether written, oral

or electronic, leading to the execution of the search warrant for the Wachsmuth home which is the subject of this litigation, the execution of the search warrant, and all law enforcement related follow-up through the completion of criminal proceedings against Tricia Wachsmuth and Bret Wachsmuth, and includes all information gathering, contact and communication with the confidential informant.

2.   ***Identify*** means to produce the name, job title and contact information for each person identified, or the legal name and contact information of each entity identified. If identify is used in connection with the description of a document, it means a description of the document sufficient to identify it, including, where appropriate, a reference to a page or section number.

3.   ***Recordings*** as used in this discovery request includes any electronic storage, recording, transmission or reception of audio or video associated with the incident.

4.   ***Documents*** means paper, electronic, video or audio files, logs, email, notes, memoranda, telephone logs, data or computer entry of any kind, comments, summaries, correspondence, biographical information, and tapes or videos of evidence, re-enactments or events associated with the incident.

### PLAINTIFF'S SECOND SET OF INTERROGATORIES

Plaintiff requests that Defendant answer the following interrogatories pursuant to Rule 33 of the FRCP and Rule 33.1 of the USDCLR. ***Plaintiff also requests timely supplementation of any response to an interrogatory pursuant to Rule 26(e) FRCP***.

**INTERROGATORY NO. 3.**   Please explain how the Powell Police Department came in contact with the confidential informant who provided information on which the search warrant for this incident was based, what criminal activity he was suspected of, what evidence the Powell Police Department had of his criminal activity, and identify the officers involved in investigating or interrogating the confidential informant, and a brief statement of the role of each. Please include officers of other agencies, if necessary.

**INTERROGATORY NO. 4.** Please identify <u>all</u> information and identify the source of the information that Bret and/or Tricia Wachsmuth presented an objective danger or threat to the officers involved in the search of the Plaintiff's residence. If you refer to a document refer to the specific language of the document responsive to this request, and produce it as requested below.

**INTERROGATORY NO. 5.** Please identify the email addresses for each Defendant in use at the time of the incident.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests the production of the following documents and tangible things pursuant to Rule 34 of the FRCP and Rule 34.1 of the USDCLR.  ***Plaintiff requests timely supplementation of each document request pursuant to Rule 26(e) FRCP***.  As set out in Rule 34.1(b) ***U.S.D.C.L.R.***:

> A request for production . . . shall be read reasonably in the recognition that the attorney serving it generally does not have knowledge of the documents being sought and the attorney receiving the request . . . generally has such knowledge or can obtain it from the client.

**REQUEST FOR PRODUCTION NO. 1.**   Please produce the documents associated with your answer to Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 2.**   Please  produce  all email from any defendant concerning the incident., not subject to attorney client privilege.  If attorney client privilege is

invoked, please produce a privilege log.

**REQUEST FOR PRODUCTION No. 3.**   Please provide the RIMS data for the incident, in including all reports, and logs.

**REQUEST FOR PRODUCTION No. 4.**   Please produce all recordings of radio, telephone or other audio or video recordings concerning the incident.

**REQUEST FOR PRODUCTION No. 5.**   Please produce recordings made while Bret or Tricia Wachsmuth were brought into custody or during book-in at the detention center.

**REQUEST FOR PRODUCTION No. 6.**   Please produce all documents or recordings as defined above of the investigation of the confidential informant for criminal activity for the entire criminal history of said informant that is in the possession of the Powell Police Department, or to which the Powell Police Department had access at the time the said confidential informant provided information concerning either Bret or Tricia Wachsmuth.

THURSDAY, JUNE 10, 2010

RESPECTFULLY SUBMITTED,

_____
JEFFREY C. GOSMAN
PLAINTIFF'S COUNSEL
GOSMAN LAW OFFICE
PO BOX 51267
CASPER, WYOMING 82601
(307) 265-3082 (PH.)
(307) 265-6715 (FAX.)

### *Certificate of Service*
I hereby certify that true and correct copies of the foregoing document was

served this Thursday, June 10, 2010 by forwarding a copy by US mail to the
following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>     (307) 777-5477<br>     (307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>     (307) 324-2713<br>     (307) 324-7348<br>tthompson@wyomingattorneys.net |

_____

Jeff Gosman

# Appendix Two

Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY  82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for Defendants, City of Powell, Tim
Feathers, Chad Minor, Mike Cretien, Roy Eckerdt,
Dave Brown, Mike Hall, Brett Lara, Matt McCauslin,
Alan Kent, Mike Danzer, Matt Brikalis, Lee
Blackmore and Cody Bradley, all in their official
capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRICIA WACHSMUTH,

      Plaintiff,

      vs.                                  Civil Action No. 10- CV-041-J

THE CITY OF POWELL, TIM FEATHERS,
CHAD MINOR, MIKE CRETIEN, ROY ECKERDT,
DAVE BROWN, MIKE HALL, BRETT LARA,
MATT McCAUSLIN, ALAN KENT, MIKE DANZER,
MATT BRILAKIS, LEE BLACKMORE,
CODY BRADLEY, and
John Does #1-#5.

      Defendants.

---

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUEST
## DIRECTED TO ALL DEFENDANTS

---

**COMES NOW**, the above named Defendants, City of Powell and all individually named

Defendants in their official capacities, by and through their attorney, Thomas A. Thompson, and

hereby submits, under oath, the following responses to *Plaintiff's First Discovery Request Directed*

*to All Defendants*, as follows:

## GENERAL STATEMENT AND OBJECTION

A.    The Plaintiff's First Discovery Request Directed to All Defendants impose upon these Defendants burdens and obligations beyond those contemplated by the applicable Federal Rules of Civil Procedure.  Defendants will respond pursuant to the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements or requests to the contrary will be disregarded.

B.    Defendants object to any Interrogatories or Request for Production of Documents to the extent that they demand information which is protected by the attorney-client privilege, is attorney work product, or is irrelevant to the subject matter of the pending litigation and unlikely to lead to the discovery of admissible evidence.

C.    To the extent any Request for Production of Documents can be interpreted as requiring Defendants to produce documents that are not available to Defendants or are equally available or accessible to Plaintiff, Defendants object thereto.

D.    The answer and responses contained herein are to the best present ability and information of Defendants.  Defendants reserve the right to supplement after completion of discovery and to introduce evidence at the time of trial or hearing based on information and/or documents located, developed or discovered subsequent to the date hereof, which evidence may supplement, modify, or be in conflict with the answers and responses contained herein which are based on present information only.  Defendants acknowledge their continuing obligations to supplement their answers and responses contained herein, and remind Plaintiff of her identical obligation.

E.    Any answer to these Interrogatories and Request for Production of Documents, which in whole or in part, voluntarily provides information or refers to materials which may be inadmissible on any evidentiary ground is not intended as a waiver of objection of any nature, including privilege, to the discoverability or admissibility of any and all information and materials. Furthermore, Defendants reserve the right to object to the admissibility or legal applicability of any such information or materials provided herein during the course of other discovery, pleading, motions or trial of this matter.

F.    Defendants specifically object to the use of any information or materials provided in answer to Interrogatories and Request for Production of Documents in any proceeding to which Defendants are not a party.

## PLAINTIFF'S FIRSTS(SIC) SET OF INTERROGATORIES

**INTERROGATORY NO. 1.**  Please list each witnesses you intend to call at trial, provide the name, address and phone number for that witness, and provide a detailed explanation of each issue to which the witness is expected to speak and what the witness will say on each issue.  (Please <u>timely</u> <u>supplement</u> this interrogatory when the expected testimony of any witness becomes known).

**ANSWER:** These answering Defendants have not identified any additional witnesses other than those witnesses set forth in its self executing discovery. Defendants reserve the right to supplement this answer as discovery progresses in this matter.

The name and, if known, the address and telephone number of each individual likely to be called as a witness in this matter and their expected testimony is as follows:

a.      Tricia Wachsmuth. Ms. Wachsmuth is the Plaintiff in this lawsuit and is expected to testify in regards to all aspects of her Complaint on file herein.

b.      Bret Wachsmuth. Mr. Wachsmuth is the Plaintiff's husband. He is expected to testify in regards to all aspects of the Complaint on file herein.

c.      Tom Wachsmuth. Mr. Wachsmuth is the father-in-law of the Plaintiff and is expected to testify in regards to all aspects of the Complaint on file herein.

d.      Chief Tim Feathers. Mr. Feathers is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

e.      Chad Miner. Mr. Miner is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

f.      Mike Chretien. Mr. Chretien is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

g.      Roy Eckerdt. Mr. Eckerdt is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

h.      Dave Brown. Mr. Brown is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

g.      Mike Hall. Mr. Hall is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

i.      Brett Lara. Mr. Lara is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

j.      Matt McCaslin. Mr. McCaslin is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

k.      Alan Kent. Mr. Kent is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

l.      Matthew Danzer.  Mr. Danzer is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

m.      Matt Brikalis.  Mr. Brikalis is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

n.      Lee Blackmore. Mr. Blackmore is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

o.      Cody Bradley.  Mr. Bradley  is a Defendant in the above referenced matter and is expected to testify in regards to all aspects of the Complaint on file herein.

p.      Dave Patterson, Park County Sheriff's Office.  The Powell Police Department consulted with Mr. Patterson concerning the subject matter incident and will testify consistent with his knowledge of the same.

**INTERROGATORY NO. 2.** Please identify, as that term is defined above, each person who played any role in the investigation for the search warrant which is the subject of this litigation, the planning for the search or the execution of the search and summarize the role of each.

**ANSWER**: Defendant Alan Kent was overall in charge of the investigation for obtaining the search warrant. Defendant Mike Chretien was overall in charge of the planning for the execution of the search warrant, the entry into the residence, and security of the occupants upon entry. Each individually named Defendant played some role either in the investigation, the planning or the execution of the search warrant.


### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.**  Please produce the personnel file or its equivalent, including any separate internal affairs or disciplinary files, documents or information for each individual Defendant, including Cody Bradley, who is not a Defendant (unless Cody Bradley had nothing to do with the investigation of Bret or Tricia Wachsmuth, or the planning or execution of the search warranty).

**RESPONSE**: Objection, said Request for Production seeks information which is deemed confidential pursuant to Wyoming law. See Wyo. Stat. §16-4-203. Defendants will produce said documents by order of the Court and further subject to a protective order.

**OBJECTION**:      _____
                         Thomas A. Thompson

**REQUEST FOR PRODUCTION NO. 2**.  Please produce all the material associated with the purchase of the distraction devise used in the Wachsmuth residence, including training materials, handbooks of instruction, or other product information.

**RESPONSE**: See those documents attached hereto and incorporated herein by this reference as Bates Nos. 000001-000003. Defendants reserve the right to supplement this Request for Production as other documents are identified.

**REQUEST FOR PRODUCTION NO. 3**.  Please produce all the material associated dynamic entry in aid of a search or arrest warrant in the possession of the Powell Police Department on the date the Wachsmuth search warrant was executed.

**RESPONSE**: See those documents attached hereto and incorporated herein by this reference as Bates Nos. 000479-000480. Defendants reserve the right to supplement this Request for Production as other documents are identified.

**REQUEST FOR PRODUCTION NO. 4**.    Please produce the documentation, handbooks, or other materials for the entire training of each individual Defendant in the areas of Dynamic Entry, deployment or use of distraction devices, execution of search warrants, use of long guns or rifles in aid of any police activity, and any other professional law enforcement training received by the individual Defendants.

**RESPONSE**: See those documents attached hereto and incorporated herein by this reference as Bates Nos. 000009-000478 & 000481-000482. Defendants reserve the right to supplement this Request for Production as other documents are identified.

*(Remainder of page intentionally left blank)*

**DATED** this 25 day of JUNE , 2010.

CITY OF POWELL AND ALL NAMED
DEFENDANTS IN THEIR OFFICIAL CAPACITY
ONLY

By:    **Tim Feathers**
       **Chief of Police**
       **Powell Police Department**

STATE OF WYOMING      )
                      : ss.
COUNTY OF PARK        )

The undersigned, being first duly sworn, deposes and says that he is the duly appointed representative for the City of Powell and acting in that capacity, he has read the foregoing, knows the contents thereof, and that it is true and correct to the best of his knowledge and belief.

**Chief Tim Feathers**

Subscribed to and sworn to (or affirmed) before me on JUNE 25 by **Tim Feathers** as Chief of Police for the City of Powell, Wyoming.

Notary Public

My commission expires: 4-10-12

**DATED** this 16th day of June, 2010.

Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
PO Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713
(307) 324-7348 - fax

## CERTIFICATE OF SERVICE

    This is to certify that on the 28TH day of June, 2010, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

Jeffrey C. Gosman                         Misha Westby
Gosman Law Office                      Wyoming Attorney General's Office
P.O. Box 51267                           Herschler Building, 1st Floor West
Casper, WY 82601                    Cheyenne, WY 82002

 

_____
For MacPherson, Kelly, & Thompson, LLC

Mailed By: _____

Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY  82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for Defendants, City of Powell, Tim
Feathers, Chad Minor, Mike Cretien, Roy Eckerdt,
Dave Brown, Mike Hall, Brett Lara, Matt McCauslin,
Alan Kent, Mike Danzer, Matt Brikalis, Lee
Blackmore and Cody Bradley, all in their official
capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRICIA WACHSMUTH,

      Plaintiff,

        vs.                                Civil Action No. 10- CV-041-J

THE CITY OF POWELL, TIM FEATHERS,
CHAD MINOR, MIKE CRETIEN, ROY ECKERDT,
DAVE BROWN, MIKE HALL, BRETT LARA,
MATT McCAUSLIN, ALAN KENT, MIKE DANZER,
MATT BRILAKIS, LEE BLACKMORE,
CODY BRADLEY, and
John Does #1-#5.

      Defendants.

## DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND DISCOVERY SET
## DIRECTED TO ALL DEFENDANTS

**COMES NOW**, the above named Defendants, City of Powell and all individually named

Defendants in their official capacities, by and through their attorney, Thomas A. Thompson, and

hereby submits, under oath, the following responses to *Plaintiff's Second Discovery Set Directed to*

*All Defendants*, as follows:

Page 1 of  8

## GENERAL STATEMENT AND OBJECTION

A.     The Plaintiff's Second Discovery Set Directed to All Defendants impose upon these Defendants burdens and obligations beyond those contemplated by the applicable Federal Rules of Civil Procedure. Defendants will respond pursuant to the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements or requests to the contrary will be disregarded.

B.     Defendants object to any Interrogatories or Request for Production of Documents to the extent that they demand information which is protected by the attorney-client privilege, is attorney work product, or is irrelevant to the subject matter of the pending litigation and unlikely to lead to the discovery of admissible evidence.

C.     To the extent any Request for Production of Documents can be interpreted as requiring Defendants to produce documents that are not available to Defendants or are equally available or accessible to Plaintiff, Defendants object thereto.

D.     The answer and responses contained herein are to the best present ability and information of Defendants. Defendants reserve the right to supplement after completion of discovery and to introduce evidence at the time of trial or hearing based on information and/or documents located, developed or discovered subsequent to the date hereof, which evidence may supplement, modify, or be in conflict with the answers and responses contained herein which are based on present information only. Defendants acknowledge their continuing obligations to supplement their answers and responses contained herein, and remind Plaintiff of her identical obligation.

E.     Any answer to these Interrogatories and Request for Production of Documents, which in whole or in part, voluntarily provides information or refers to materials which may be inadmissible on any evidentiary ground is not intended as a waiver of objection of any nature, including privilege, to the discoverability or admissibility of any and all information and materials. Furthermore, Defendants reserve the right to object to the admissibility or legal applicability of any such information or materials provided herein during the course of other discovery, pleading, motions or trial of this matter.

F.     Defendants specifically object to the use of any information or materials provided in answer to Interrogatories and Request for Production of Documents in any proceeding to which Defendants are not a party.

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 3.** Please explain how the Powell Police Department came in contact with the confidential informant who provided information on which the search warrant for this incident was based, what criminal activity was suspected of, what evidence of the criminal activity existed, the disposition of said evidence, and identify the officers involved in investigation or

interrogating the confidential informant, and a brief statement of the role of each. Please include officers of other agencies, if necessary.

**ANSWER:** Objection, said Interrogatory seeks information which is deemed confidential pursuant to Wyoming law. See WYO. STAT. §16-4-203(b)(i). Defendants will produce said documents by order of the Court and further subject to a protective order.

**OBJECTION:** _____
Thomas A. Thompson

**INTERROGATORY NO. 4.** Please identify <u>all</u> information and identify the source of the information that Bret and/or Tricia Wachsmuth presented an objective danger or threat to the officers involved in the search of the Plaintiff's residence. If you refer to a document refer to the specific language of the document responsive to this request, and produce it as requested below.

**ANSWER:** Objection, said Interrogatory calls for a legal conclusion.

**OBJECTION:** _____
Thomas A. Thompson

Without waiving said objection, Defendants relies on those documents produced in *Defendants' Self-Executing Discovery*, as follows:

| BATES NOS. | DOCUMENT |
|---|---|
| 00001-00009 | Powell Police Department CAD Incident Report dated 2/24/09 |
| 00010-00030 | Powell Police Department Crime Report dated 2/24/09 |
| 00031-00034 | Park County Sheriff's Office Incident Report dated 2/25/09 |
| 00035-00037 | Powell Police Property Release Requests |
| 00038-00040 | Powell Police Department Receipts |
| 00041-00084 | Pictures and Copies of Growing Journal |
| 00085-00088 | Powell Police Department Receipts dated 2/25/09 |
| 00089-00091 | Affidavit of Probable Cause, State of Wyoming v. Bret Wachsmuth |
| 00092-00099 | Affidavit of Probable Cause, State of Wyoming v. Tricia Wachsmuth, & Search and Seizure Affidavit |
| 00100-0010 | Search and Seizure Warrant |

| 00102-00108 | Return and Inventory |
|---|---|
| 00109-00111 | EDT Technical Assistance Request |
| 00112-00113 | Attorney General, Division of Criminal Investigation-Laboratory Examination Report dated April 6, 2009 |
| 00114-00115 | Search and Seizure Warrant |
| 00116-00125 | Notice of Claim |
| 00126-00132 | Minnesota Bureau of Criminal Apprehension Computerized Criminal History |
| 00133 | Abstract of Court Record |
| 00134 | Order Modifying Bond Conditions, State of Wyoming v. Bret Wachsmuth |
| 00135-00136 | Misdemeanor Information, State of Wyoming v. Bret Wachsmuth |
| 00137-00139 | Affidavit of Probable Cause, State of Wyoming v. Bret Wachsmuth |
| 00140 | Park County Detention Facility Remand Report |
| 00141 | Abstract of Court Record |
| 00142 | Stipulated Order for Bond Modification, State of Wyoming v. Tricia Wachsmuth |
| 00143 | Bond Conditions, State of Wyoming v. Tricia Wachsmuth |
| 00144 | Stipulated Order for Bond Modification, State of Wyoming v. Tricia Wachsmuth |
| 0014500152 | Misdemeanor Information & attachments, State of Wyoming v. Tricia Wachsmuth |

## PLAINTIFF'S FIRST(*sic*) REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**(*sic*)[1].   Please produce the documents associated with your answer to Interrogatory No. 4.

**RESPONSE:** See answer to Interrogatory No. 4.

---

[1] As *Plaintiff's First Discovery Request Directed to All Defendants* included Request for Production of Document Nos. 1, 2, 3 & 4, the proper Request No. for this paragraph would be Request for Production No. 5, and each successive numbered paragraph should be re-numbered accordingly. These answering Defendants have followed the numbering used by the Plaintiff.

Page 4 of 8

**REQUEST FOR PRODUCTION NO. 2**(*sic*).      Please produce all email, and personal notes or recordings from any defendant concerning the incident, not subject to attorney client privilege.  If attorney client privilege is invoked, please produce a privilege log.

**RESPONSE**:  Objection, said documents are attorney-client privileged.  Attached hereto and incorporated herein by this reference is Defendants' Privilege Log.

      **OBJECTION**:   _____
                       Thomas A. Thompson

     Without waiving said objection, see that CD which is Bates No. 000483 and those documents attached hereto and incorporated herein by this reference as Bates Nos. 000580-000587. Defendants reserve the right to supplement this Request for Production as other documents are identified.

**REQUEST FOR PRODUCTION NO. 3**(*sic*).      Please provide the RIMS data for the incident, in (*sic*) including all reports, and logs and all RIMS screens.  In other words, produce the entire RIMS case file for this incident.

**RESPONSE**:  See those documents attached hereto and incorporated herein by this reference as Bates Nos. 000590-000601. Defendants reserve the right to supplement this Request for Production as other documents are identified.

**REQUEST FOR PRODUCTION NO. 4**(*sic*).      Please  produce  all recordings of radio or telephone activity or other audio or video recordings concerning the incident, including recordings made while Bret and Tricia Wachsmuth were brought into custody or during book-in at the detention center.

**RESPONSE**:  Objection, said Request for Production seeks information which is deemed confidential pursuant to Wyoming law. See WYO. STAT. §16-4-203(b)(i). Defendants will produce said documents by order of the Court and further subject to a protective order.

      **OBJECTION**:   _____
                       Thomas A. Thompson

     Without waiving said objection, see that CD which is Bates No. 000602, and those documents attached hereto and incorporated herein by this reference as Bates Nos. 000604-000612. Defendants reserve the right to supplement this Request for Production as other documents are identified.

**REQUEST FOR PRODUCTION NO. 5**(*sic*).      Please produce all documents or recordings as defined above (including RIMS documentation) of the entire criminal history of said informant, including any potential criminal charges for which he may have been charged at the time he was interviewed for this incident, that is in the possession of the Powell Police Department, or to which the Powell Police Department had access at the time the said confidential informant provided information concerning either Bret or Tricia Wachsmuth.

**RESPONSE**:   Objection, said Request for Production seeks information which is deemed confidential pursuant to Wyoming law. See WYO. STAT. §16-4-203(b)(i). Defendants will produce said documents by order of the Court and further subject to a protective order.

    **OBJECTION**: _____

            Thomas A. Thompson

**REQUEST FOR PRODUCTION NO. 6**(*sic*).      Please produce all documents as defined above not otherwise produced which bear on the incident in question, whether or not they may be used by the Defendants in their defense of this case.

**RESPONSE**: See above answers and responses. Defendants reserve the right to supplement this Request for Production as other documents are identified.

*(Remainder of page intentionally left blank)*

**DATED** this ___ day of _____, 2010.

**CITY OF POWELL AND ALL NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITY ONLY**

By:    **Tim Feathers**
       **Chief of Police**
       **Powell Police Department**

STATE OF WYOMING    )
                      : ss.
COUNTY OF PARK       )

     The undersigned, being first duly sworn, deposes and says that he is the duly appointed representative for the City of Powell and acting in that capacity, he has read the foregoing, knows the contents thereof, and that it is true and correct to the best of his knowledge and belief.

                                   **Chief Tim Feathers**

     Subscribed to and sworn to (or affirmed) before me on _____ by **Tim Feathers** as Chief of Police for the City of Powell, Wyoming.

                                   Notary Public

     My commission expires: _____.

---

     **DATED** this 16th day of July, 2010.

                                   Thomas A. Thompson, #6-2640
                                   MacPherson, Kelly & Thompson, LLC
                                   PO Box 999
                                   616 W. Buffalo
                                   Rawlins, WY 82301
                                   (307) 324-2713
                                   (307) 324-7348 - fax

## CERTIFICATE OF SERVICE

     This is to certify that on the 16th day of July, 2010, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

| | |
|---|---|
| Jeffrey C. Gosman | Misha Westby |
| Gosman Law Office | Wyoming Attorney General's Office |
| P.O. Box 51267 | Herschler Building, 1st Floor West |
| Casper, WY 82601 | Cheyenne, WY 82002 |

For MacPherson, Kelly, & Thompson, LLC

Mailed By: _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

Tricia Wachsmuth,

     Plaintiff,

v.

City of Powell, Et. Al.,

     Defendants.

CASE NO.  10 cv 041J

---

## ORDER

---

**This Matter**, comes before the Court on the Plaintiff, Tricia Wachsmuth's, motion to compel discovery, and the Court having considered the motion and the responses filed,

**Now Therefore**, the Court orders that the Defendants provide to the Plaintiff's counsel, subject to the entry of the protective order, the personnel files of each individual Defendant and all documents concerning or relating to the use of the confidential informant in the investigation.  The Defendants are also required to respond to Plaintiff's interrogatory No. 3 concerning the use of the confidential informant.

     **Dated** this _____ day of _____, 2010.

_____
Honorable Magistrate William C. Beaman