Bruce Salzburg
Wyoming Attorney General

John Renneisen
Deputy Attorney General

Misha Westby – WY Bar No. 6-2826
Senior Assistant Attorney General
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY 82002
T: (307) 777-5457
F: (307) 777-8920
E: mwestb@state.wy.us

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Tricia Wachsmuth, | ) | |
| | ) | |
| Plaintiff, | ) | 10-CV-041-J |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Powell, Tim Feathers, Chad Miner, | ) | |
| Mike Chretien, Roy Eckerdt, Dave Brown, | ) | |
| Mike Hall, Brett Lara, Matt McCaslin, | ) | |
| Alan Kent, Matthew Danzer, Officer Brilakis, | ) | |
| Lee Blackmore, Cody Bradley, Kirk Chapman, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Tim Feathers, Chad Miner, Mike Chretien, Roy Echerdt, Dave Brown, Mike Hall,

Brett Lara, Matt McCaslin, Alan Kent, Matthew Danzer, Matt Brilakis, Lee Blackmore,

Cody Bradley and Kirk Chapman in their individual capacity for any federal claims and

for state law claims, (hereinafter collectively referred to as "individual Defendants") by

and through the Office of the Attorney General of the State of Wyoming, hereby file their

Answer to Plaintiff's Second Amended Complaint.[1]

### Preliminary Statement of the Case

1.    In response to the allegations contained in paragraphs 1 and 2 of this

section of Plaintiff's Second Amended Complaint, the individual Defendants assert that

no answer is required since the allegations are simply statements of law, to the extent that

an answer is required, the allegations are denied.

### Jurisdiction and Venue

2.    In response to the allegations contained in paragraphs 2,[2] 9, 10 and 11 of

this section of Plaintiff's Second Amended Complaint, the individual Defendants are

without sufficient knowledge to admit or deny the allegations contained therein, and

therefore denies the same.

3.    In response to the allegations contained in paragraphs 3 and 5 of this

section of Plaintiff's Second Amended Complaint, the individual Defendants assert that

---

[1] Not all Defendants have information about all of the allegations contained in the answer; therefore, the answer may be based on the information of one or more Defendants.

[2] There are two paragraphs numbered 2, one under the preliminary statement and one under jurisdiction and venue.  The individual Defendants will follow the numbering used by the Plaintiff.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 2 of  20

no answer is required since the allegations are simply statements of law, to the extent that an answer is required, the allegations are denied.

4.      In response to the allegations contained in paragraph 4 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

5.      In response to the allegations contained in paragraph 6 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that the warrant was executed on February 24, 2009 and deny all other allegations contained therein.

6.      In response to the allegations contained in paragraph 7 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that a claim was filed and deny all other allegations contained therein.

7.      In response to the allegations contained in paragraph 8 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegation as to Appendix one contained therein and all other allegations not specifically admitted herein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 3 of  20

### *Parties*

8.      In response to the allegations contained in paragraphs 12 and 13 of this section of Plaintiff's Second Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

9.      In response to the allegations contained in paragraphs 14, 15 and 17 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit the allegations contained therein.

10.      In response to the allegations contained in paragraph 16 of this section of Plaintiff's Second Amended Complaint, the individual Defendants assert that no answer is required since the allegations are simply statements of law, to the extent that an answer is required, the allegations are denied.

### *Facts Common to all Claims*

11.      In response to the allegations contained in paragraph 18 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegation to the extent that it names a confidential informant that is identified only by number in all reports.  To the extent that such information is deemed necessary, the Defendants will provide such information based on court order.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 4 of  20

12.     In response to the allegations contained in paragraphs 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 52, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70, 71, 72, 73, 75, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88 and 89 of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

13.     In response to the allegations contained in paragraphs 20 and 21 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that they had information pertaining to guns in the home and in the possession of Bret Wachsmuth and deny the remaining allegations to the extent that it names a confidential informant that is identified only by number in all reports.

14.     In response to the allegations contained in paragraphs 23, 46 of this section of Plaintiff's Second Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegations contained therein, and therefore deny the same.

15.     In response to the allegations contained in paragraph 24 of this section of Plaintiff's Second Amended Complaint, the individual Defendants are without sufficient knowledge to admit or deny the allegation specifically as to a history of violence, but assert that there was information regarding Bret Wachsmuth about weapons, paranoia and other concerns.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 5 of  20

16.     In response to the allegations contained in paragraphs 31, 38, 45, 47, 74, 77, 81 and 82 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit the allegations contained therein.

17.     In response to the allegations contained in paragraph 32 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations and assert that based upon investigation, information provided by the confidential informant, and the experience and training of the officers involved, officers of the Powell Police Department admit that they consulted with and obtained the approval of the Chief of Police.

18.     In response to the allegations contained in paragraphs 39 and 41 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that officers of the Powell Police Department planned how to execute the search warrant they had obtained.   Defendants admit that part of the plan to execute the search warrant involved the deployment of a flashbang device Defendants deny the remainder of said paragraph.

19.     In response to the allegations contained in paragraph 40 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that a primary team consisting of six officers, and five with long guns, were to announce "police, search

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 6 of  20

warrant" and if the door did not open immediately, the ram was to be used for entry. Defendants deny the remainder of the paragraph.

20.     In response to the allegations contained in paragraph 53 of this section of Plaintiff's Second Amended Complaint, the individuals admit that the flashbang device was deployed into the master bedroom but deny the remainder of the paragraph and all other allegations not specifically admitted herein.

21.     In response to the allegations contained in paragraph 54 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegation that they "failed to enter the residence from the back door" and affirmatively allege that there was no such plan, and deny the remainder of the paragraph.

22.     In response to the allegations contained in paragraph 55 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that the Plaintiff was sitting on the couch and are without sufficient knowledge or information to form a belief as to the allegations in the remainder of the paragraph and therefore deny the same.

23.     In response to the allegations contained in paragraph 57 of this section of the Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations and affirmatively allege that the Plaintiff hesitated prior to responding to the question.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 7 of  20

24.    In response to the allegations contained in paragraphs 67 and 68 of this section of the Plaintiff's Second Amended Complaint, the individual Defendants admit the allegations contained therein and affirmatively assert that were also guns, grow logs, photographs and many additional items also seized.

*Count I. Violation of Plaintiff's Constitutional Right to be Free of Unreasonable Search and Seizure Pursuant to the Fourth Amendment in the Use of the SWAT Team*.

25.    The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in paragraph 90 of this section of Plaintiff's Second Amended Complaint.

26.    In response to the allegations contained in paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108 and 109 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

*Count II.  Use of the Flashbang Device Constituted Excessive Force and Violated Plaintiff's Fourth Amendment Right to be Free from Unreasonable Search and Seizure.*

27.    The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 8 of  20

contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

28.    In response to the allegations contained in paragraphs 110, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127 and 128 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

29.    In response to the allegations contained in paragraph 113 of this section of Plaintiff's Second Amended Complaint, the individual Defendants admit that the surveillance indicated a child was seen entering the residence but assert that the person initially identified as a child was actually the Plaintiff.

### Count III. Use of Excessive Force in Using Plaintiff as a Human Shield

30.    The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

31.    In response to the allegations contained in paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142 and 143 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 9 of  20

### Count IV. Use of Excessive Force by Officer Minor in Keeping the Plaintiff at Gunpoint During the Search of the Premises

32.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

33.     In response to the allegations contained in paragraphs 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155 and 156 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

### Count V. Use of Excessive Force in Failing to Knock and Announce

34.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

35.     In response to the allegations contained in paragraphs 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173 and 174 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 10 of  20

***Count VI. Liability of Tim Feathers for his Supervisory Role in the Search, His Failure to Properly Supervise the Search and his Failure to Properly Train his Officers.***

36.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

37.     In response to the allegations contained in paragraphs 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185 and 186 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

***Count VII. Liability of the City of Powell for Reckless Indifference to the Fourth Amendment Rights of the Plaintiff in the Context of the Official Actions of the Chief of Police in Approving the Plan for Execution of the Search Warrant***

38.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

39.     In response to the allegations contained in paragraphs 187, 188, 189, 190, 191, 192, 193 and 194 of this section of Plaintiff's Second Amended Complaint, the individual Defendants assert that these allegations do not relate to the individual

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 11 of  20

Defendants, to the extent that they are intended to apply to these Defendants they are denied.

### Count VIII. Liability of the City of Powell for Failure to Train

40.    The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

41.    In response to the allegations contained in paragraphs 195, 196, 197, 198, 199, 200 and 201 of this section of Plaintiff's Second Amended Complaint, the individual Defendants assert that these allegations do not relate to the individual Defendants, to the extent that they are intended to apply to these Defendants they are denied.

### Count IX. Intentional Infliction of Emotional Distress by the Officers Participating in the Search

42.    The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 12 of  20

43.     In response to the allegations contained in paragraphs 202, 203, 204, 205, 206 and 207 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count X. Liability of the City of Powell and Chief Feathers under Plaintiff's Intentional Infliction of Emotional Distress Claim*

44.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

45.     In response to the allegations contained in paragraphs 208, 209, 210, 211 and 212 a-d of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

### *Count Xl. Violation of The Wyoming State Constitution*

46.     The individual Defendants re-state and re-alleges each and every response previously set forth and incorporates those responses in response to the allegations contained in the unnumbered paragraph at the beginning of this section of Plaintiff's Second Amended Complaint.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 13 of  20

47.     In response to the allegations contained in paragraphs 213, 214 and 215 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein.

### Damages Applicable to all Counts

48.     In response to the allegations contained in paragraphs 216, 217a-e, 218 and 219 of this section of Plaintiff's Second Amended Complaint, the individual Defendants deny the allegations contained therein and move that they be stricken as contrary to the law and to the facts of this case.

49.     The Individual Defendants deny each and every allegation set forth in the Complaint and not specifically admitted herein.

### Affirmative Defenses

1.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the pleading fails to state a claim upon which relief can be granted.

2.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the claims and causes of action set forth therein are barred as a matter of fact and law by the applicable statute of limitations.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 14 of  20

3.      As a further and separate defense to the Plaintiff's Second Amended Complaint, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

4.      As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that they are entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

5.      As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the claim for damages is barred as a matter of fact and law and is unconstitutional.

6.      As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff has failed to mitigate any damage she may have incurred or suffered as the result of any action or conduct of the Defendants.

7.      As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff has failed to comply with the Wyoming Governmental Claims Act, Wyo. Stat. §§1-39-101, et seq., to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a condition precedent to the filing of this action.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 15 of  20

8.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

9.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff is estopped by her conduct to assert any of the claims or causes of action asserted therein.

10.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff, by her conduct, has waived the right to assert any of the claims or causes of action asserted therein.

11.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

12.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff has failed to exhaust her administrative remedies and thereby is barred from asserting any of her claims or causes of action.

13.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the Plaintiff's notice of claims is defective and the required allegations regarding such claims in the Answer are defective

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 16 of  20

as to date and, therefore, the court lacks subject matter jurisdiction over this action and the claims and causes of action asserted therein.

14.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that this Court lacks jurisdiction over Plaintiff's state law claims.

15.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that Plaintiff's claims are barred by the doctrine of qualified immunity and/or "good faith" qualified immunity.

16.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that Defendants' actions met the applicable standard of care and they used only necessary and reasonable force.

17.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that Defendants were privileged and authorized by law to act as they did.

18.    As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that Defendants' acts were reasonably necessary to protect the public good.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 17 of  20

19.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that, under the circumstances of this case, the acts of Defendants are objectively reasonable.

20.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that the events, injuries and damages described in the Complaint were caused by the sole negligence and actions of the Plaintiff or were contributed to by the negligence of Plaintiff and he assumed the risk that such events, injuries and damages might occur and, therefore, limit or bar any recovery.

21.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that no act or omission of the Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

22.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that they are entitled to absolute quasi-judicial immunity under the circumstance of this case and the action at issue.

23.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants asserts that they are absolved of any liability by the completion of valid process through the signing of the warrant and the filing of a criminal information.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 18 of  20

24.     As a further and separate defense to the Plaintiff's Second Amended Complaint, Defendant Hahn asserts that Plaintiff's claims under barred under the rationale of *Heck v. Humphrey* and the *Younger* abstention doctrines.

25.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert that there are no federal claims pled against these Defendants in their individual capacity as required by FED. R. CIV. P. 8(a)(2) and 9(a).

26.     As a further and separate defense to the Plaintiff's Second Amended Complaint, the individual Defendants assert the Plaintiff has failed to assert whether the Defendants are sued in the official or individual capacity and therefore, the suit is treated as a claim against the government official in his official capacity only.  *See Baker v. Chisholm*, 501 F.3d 920, 923 (8th Cir. 2007).

27.     Defendants reserve the right to amend their answer to assert additional defenses as further investigation and discovery warrant.

**WHEREFORE**, the individual Defendants respectfully request that the Plaintiff's Second Amended Complaint be dismissed with prejudice, that the Defendants be awarded their attorney's fees, costs, and expenses of this action, and for such other and further relief as the Court deems just and proper under the circumstances.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 19 of  20

DATED this 3rd day of August, 2010.

/s/ Misha Westby
Misha Westby – WSB No. 6826
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2010, the foregoing was served electronically via CM/ECF to the following individuals:

Jeffrey C. Gosman                  Tom Thompson
Gosman Law Office                  MacPherson, Kelly & Thompson
PO Box 51267                       PO Box 999
Casper, WY 82601-2481              Rawlins, WY  82301-0999
E:  Jeffg@gosmanlawoffices.com     E:  tthompson@wyomingattorneys.net

/s/ Lee Ann Schutt
Office of the Wyoming Attorney General

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint
Page 20 of  20