Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY   82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for Defendants, City of Powell, Tim Feathers,
Chad Miner, Mike Chretien, Roy Eckerdt, Dave Brown,
Mike Hall, Brett Lara, Matt McCaslin, Alan Kent,
Matthew Danzer, Officer Brilakis, Lee Blackmore,
Cody Bradley and Kirk Chapman, all in their official
capacity

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRICIA WACHSMUTH,

     Plaintiff,

     vs.                                    Civil Action No. 10- CV-041-J

CITY OF POWELL, TIM FEATHERS, CHAD MINER,
MIKE CHRETIEN, ROY ECKERDT, DAVE BROWN,
MIKE HALL, BRETT LARA, MATT McCASLIN,
ALAN KENT, MATTHEW DANZER, OFFICER BRILAKIS,
LEE BLACKMORE, CODY BRADLEY, KIRK CHAPMAN
JOHN DOES #1-#4

     Defendants.

## RESPONSE OF DEFENDANT CITY OF POWELL,
## AND ALL OTHER NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES,
## TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

     **COME NOW** the Defendants, City of Powell, Tim Feathers, Chad Miner, Mike Chretien,

Roy Eckerdt, Dave Brown, Mike Hall, Brett Lara, Matt McCaslin, Alan Kent, Matthew Danzer,

Officer Brilakis, Lee Blackmore, Cody Bradley and Kirk Chapman, all in their official capacity, by

and through their attorney, Thomas A. Thompson, of the law firm of MacPherson, Kelly &

Thompson, LLC, and submits their *Response to Plaintiff's Motion to Compel*.

1.      This action comes before the Court on Plaintiff Tricia Wachsmuth's (hereinafter "Wachsmuth") claims that the City of Powell (hereinafter "City") is liable for alleged violations by numerous officers of the City's police department of Wachsmuth's constitutional rights.

2.      Wachsmuth represents in her *Motion to Compel Discovery* (Motion) that she has attempted in good faith to resolve this discovery dispute and counsel for Defendants concurs with said representation.

3.      Defendants also concur that Wachsmuth served her first discovery requests on the Defendants on the 17th day of May, 2010 and her second discovery request,  on June 10, 2010.

4.      Defendants have served their responses to Wachsmuth's discovery requests and objected to the production of certain documents and responses to certain interrogatories pursuant to the WYOMING PUBLIC RECORDS ACT, WYOMING STATUTE § 16-4-201 *et. seq.*

5.      Included in Wachsmuth's Motion is a request that this Court compel the production of personnel records of all individually named Defendants who are police officers of the Defendant Cit of Powell.  In the same interrogatory (*Plaintiff's First Discovery Request Directed to All Defendants*, RFP No. 1) Wachsmuth requests the production of internal affairs or disciplinary files documents or information for each individually named Defendant.

6.      Wachsmuth also requests production of training materials, handbooks, policies and and other documents which relate both to police tactics and the distraction device used in the execution of the search warrant which is at issue in this case (*Plaintiff's First Discovery Request Directed to All Defendants*, RFP Nos. 2, 3 and 4).

7.      Additionally, Wachsmuth requests information relating to the police investigation which led up to the execution of the search warrant, including but not limited to information relating

to the confidential informant (*Plaintiff's Second Discovery Request Directed to All Defendants*, Interrogatory No. 3 and RFP No. 6); RIMS data for the incident, including reports and logs (*Plaintiff's Second Discovery Request Directed to All Defendants*, RFP No. 3) and all recordings of radio, telephone or other audio or video recordings concerning the incident. (*Plaintiff's Second Discovery Request Directed to All Defendants*, RFP No. 4).

8.      Defendants have filed their Responses to Discovery Requests and objected on the basis that the information and documentation requested are deemed confidential pursuant to Wyoming law, specifically WYOMING STATUTE § 16-4-201 et. seq..

9.      Defendant City of Powell,  pursuant to WYOMING STATUTE § 16-4-203(d)(iii), is obligated to deny the right of inspection of personnel records requested by Wachsmuth. As such, the Powell Police Department, as custodian, must deny the right of inspection of the requested records as these records fall squarely within the type of requests that shall be denied pursuant to WYOMING STATUTE § 16-4-203(d)(iii).

10.      Pursuant to WYOMING STATUTE § 16-4-203(d)(xi), the Powell Police Department, as custodian, must deny the right of the right of inspections of records or information compiled solely for the purpose of investigating violations of, and enforcing, internal personnel rules or personnel policies, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

11.      Pursuant to WYOMING STATUTE § 16-4-203(b)(i), the Powell Police Department, as custodian, may deny the right of inspection of records of the investigation conducted in this matter, including the entirety of the investigatory file compiled for the purpose of obtaining the search warrant and subsequent prosecution of the Plaintiff.

12.     Additionally, discovery of internal affairs matter, investigatory files to include information on the confidential informant and personnel files of the named Defendant police officers will: (1) disseminate highly private information, (2) threaten the safety of the confidential informant, the officers and their families, (3) harm investigative procedures, and (4) hinder citizen complaint candor. It is clear that the privacy interest in the kind of records sought by Wachsmuth are substantial and the information should be rigorously protected. Should this Court order such documents to be produced to Wachsmuth, it is forseeable that substantial injury could result.

13.     The Defendants respectfully request that if Wachsmuth's motion is granted, specifically as to any internal affairs investigations, that this Court, through an *in camera* inspection, prevent specific harms likely to result in order to protect those who may be affected.  The Defendants would request that such information be protected by a protective order pursuant to the FEDERAL RULES OF CIVIL PROCEDURE RULE 26(c) should an *in camera* inspection determine that Wachsmuth's need for the material outweighs the public interest in maintaining the confidentiality of such information.

14.     It is evident that pursuant to the provisions of WYOMING STATUTES §§ 16-4-203 (d)(iii),   § 16-4-203 (d)(xi) and § 16-4-203(b)(i) that without an order of the Court, the Powell Police Department cannot produce those records sought by Wachsmuth. To not adhere to the applicable provisions of Wyoming Statutes which are relevant to Wachsmuth's request for discovery, would create a liability of the City of Powell while at the same time violate Powell Police Department employees' privacy.

15.     The reasonable expectation of privacy for each of the named Defendant police officers is recognized by the Fourth Amendment to the United States Constitution and Article 1,

§ 4 of the Wyoming Constitution which protects its people, to include police officers, against unreasonable search and seizure. These two provisions of the state and United States constitutions function in tandem to assure significant rights and freedoms to the populace. In *Davis v. United States,* 328 U.S. 582, 587, 66 S.Ct. 1256, 1258, 90 L.Ed 1453 (1946), the United States Supreme Court stated: "[The law of searches and seizure] reflects a dual purpose - protection of the privacy of the individual, his right to be let alone; protection of the individual against compulsory production of evidence to be used against him."

**WHEREFORE** for all the reasons set forth above, the City of Powell and those individually named police officers in their official capacity should not be compelled to disclose the requested information. If said information is ordered by this Court to be produced, it should only be after an *in camera* inspection by the Court and further subject to a protective order.

**DATED** this 11th day of August, 2010.

/s/  Thomas A. Thompson
Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
P.O. Box 999
616 West Buffalo
Rawlins, WY 82301
(307) 324-2713
(307) 324-7348 - fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 11th day of August, 2010, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

| | |
|---|---|
| Jeffrey C. Gosman | ( x )   Via U.S. First Class Mail |
| Gosman Law Office | (   )   Via Facsimile Transmission |
| P.O. Box 51267 | (   )   Via Electronic/Email Transmission |
| Casper, WY 82601 | |

| | |
|---|---|
| Misha Westby | (   )   Via U.S. First Class Mail |
| Wyoming Attorney General's Office | (   )   Via Facsimile Transmission |
| Herschler Building, 1st Floor West | ( x )   Via Electronic/Email Transmission |
| Cheyenne, WY 82002 | |

/s/  Thomas A. Thompson
For MacPherson, Kelly, & Thompson, LLC

Mailed By: ____hef____