FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 08 2010
3:27 pm
Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| TRICIA WACHSMUTH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Civil No. 10–CV–041–J<br>CITY OF POWELL and in their individual )<br>capacity, TIM FEATHERS, CHAD MINER, )<br>MIKE CHRETIEN, ROY ECKERDT, )<br>DAVE BROWN, MIKE HALL, BRETT )<br>LARA, MATT MCCASLIN, ALAN KENT, )<br>MATT DANZER, OFFICER BRILAKIS, )<br>LEE BLACKMORE, CODY BRADLEY, )<br>KIRK CHAPMAN, JOHN DOES #1 - #4, )<br>)<br>Defendants. ) | |

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The above-entitled matter has come before the Court on *Plaintiff's Motion to Compel Discovery* (Doc. 21). The Court, having carefully considered the motion and defendants' responses, and being fully advised in the premises, FINDS:

### I. BACKGROUND

Plaintiff brings this action after defendants executed a search warrant on her home. Plaintiff sets forth that on February 24, 2009, officers with the Powell Police Department in Powell, Wyoming were informed by a confidential informant that plaintiff had marijuana plants growing in her

1

Two marijuana plants were seized, along with a small amount of marijuana, some paraphernalia, and prescription medication belonging to plaintiff's husband. Plaintiff advances she was offered a deferred prosecution for misdemeanor possession of marijuana, which was later dismissed.

Plaintiff declares that due to the search, she has suffered severe emotional trauma. Plaintiff claims: (1) defendants violated her constitutional rights to be free of unreasonable search and seizure pursuant to the Fourth Amendment in their use of a SWAT team, holding plaintiff as gunpoint, and handcuffing plaintiff, based on the lack of criminal history and the fact that there were only two marijuana plants in the home; (2) defendants use of the flashbang device constituted excessive force and violated plaintiff's Fourth Amendment right to free from unreasonable search and seizure; (3) defendants used excessive force in making plaintiff a human shield as they descended the stairs; (4) defendant Miner used excessive force by in keeping plaintiff at gunpoint during the search of the premises; (5) defendants used excessive force in failing to knock and announce to allow plaintiff a reasonable period of time to answer the door before breaking down her front door; (6) defendant Feathers is liable, based on his supervisory role as Chief of Police, in the search and in his alleged failure to properly supervise the search and alleged failure to properly train his officers; (7) defendant Feathers failed to adequately train and supervise his officers; (8) defendant City of Powell is liable for alleged reckless indifference to the Fourth Amendment rights of plaintiff due to the official actions of the Chief of Police in approving the plain for execution of the search warrant; (9) defendant City of Powell is liable for its alleged failure to provide sufficient training of its police officers; (10) intentional infliction of emotional distress by all of the defendants who engaged in the

execution of the search warrant; (11) liability of defendants Feathers and City of Powell for plaintiff's intentional infliction of emotional distress under the theory of *respondeat superior*; and (12) defendants violated Article 1, section 4 of the Wyoming State Constitution. Plaintiff seeks punitive and compensatory damages, attorney's fees, and costs.

In the instant motion before the Court, plaintiff seeks production of certain documents and responses to certain interrogatories related to the defendant officers' personnel files, the officers' training materials, and the confidential informant. Plaintiff served defendants with two separate discovery requests, the first on May 17, 2010 and the second on June 10, 2010. Defendants, in turn, objected to plaintiff's requests, citing the Wyoming Public Records Act, Wyo. Stat. Ann. § 16-4-201 *et. seq.* Defendants state that under Wyoming law, they are obligated to deny the right to inspection of the personnel records requested by plaintiff.

## II.   ANALYSIS

Under Rule 26 of the Federal Rules of Civil Procedure, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," as long as the information is "nonprivileged." Fed.R.Civ.P. 26(b)(1). The purpose of the rule is to allow broad discovery of relevant information. The phrase "relevant to the subject matter involved in the [] action" has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Additionally, it is well-settled precedent within the Tenth Circuit that a this court has broad discretion in fashioning the terms and conditions of discovery. *See, e.g. Marsee v. U.S.*

*Tobacco Co.*, 866 F.2d 319 (10th Cir.1989). Accordingly, any nonprivileged information is discoverable as long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

In federal courts, federal common law governs privilege, unless there is a state law in place that supplies the rule as to an element of the claim or defense. Fed.R.Evid. 501. The present case involves both federal and state claims. Because plaintiff alleges violations of her Fourth Amendment rights, federal law provides the governing substantive law. *See e.g. Everitt v. Brezzel*, 750 F.Supp. 1063, 1066 (D. Colo. 1990). *See also* Fed.R.Evid. 501 committee note ("In nondiversity civil cases, federal privilege law will generally apply."); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997) (recognizing the need to apply federal common law of privilege in a case involving a federal question even where state law may be involved). Accordingly, federal common law of privilege governs in this matter.

In the present matter, plaintiff seeks three main categories of discovery: (1) the personnel records of all the individually named City of Powell police officer defendants, including these defendants' disciplinary files (Doc. 21, Appendix One, *Plaintiff's First Discovery Request Directed to All Defendants*, RFP No. 1); (2) the training materials, handbook, policies, and other documents related to the police tactics used in execution of the search warrant (*Id.*, RFP Nos. 2, 3, and 4); and (3) information pertaining to the confidential informant, including any reports or logs and all recordings of radio, telephone, or other audio or video recordings concerning the incident. (Doc. 21, Appendix Two, *Plaintiff's Second Discovery Request Directed to All Defendants*, Interrogatory No. 3 and RFP Nos. 3, 4, and 6).

In response to plaintiff's requests, defendants object on the basis that the requested information and documentation are deemed confidential under the Wyoming Public Records Act. Defendants argue that the Court take into consideration the privacy interests implicated in these discovery requests, arguing the discovery of information regarding the confidential informant and personnel files of the individual officers will: (1) disseminate highly private information; (2) threaten the safety of the informant, the officers, and their families; (3) farm investigative procedures; and (4) hinder citizen complaint candor.

### A.     Wyoming Public Records Act

The Wyoming Public Records Act, provides "[t]he custodian shall deny the right of inspection of the following . . . , *unless otherwise provided by law*: [p]ersonnel files . . [a]pplications, performance ratings and scholastic achievement data . . . [and] . . . records or information compiled solely for purposes of investigating violations of, and enforcing, internal personnel rules or personnel policies the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Wyo. Stat. Ann. §§ 16-4-203(d)(iii) and (xi) (emphasis added). The statute also states "[t]he custodian may deny the right of inspection of the following records . . . [r]ecords of investigations conducted by, or of intelligence information or security procedures of, any . . . police department or any investigatory files compiled for any other law enforcement or prosecution purposes." Wyo. Stat. Ann. § 16-4-203(b)(i).

The Court finds there to be issues in looking exclusively at these sections of the Act. First, a further reading of the statute provides "[a]ll public records shall be open for inspection by any

person at reasonable times, except as provided in this act or otherwise provided by law." Wyo. Stat. Ann. § 16-4-202(a). Moreover, the Wyoming Supreme Court has held "[t]he object of the public records act is disclosure, not secrecy, and we therefore interpret the act liberally in favor of disclosure." *Houghton v. Franscell*, 870 P.2d 1050, 1052 (Wyo. 1994). The Wyoming Supreme Court addressed constitutional rights associated with access to police records under the Act, in *Sheridan Newspapers, Inc. v. City of Sheridan*. 660 P.2d 785 (Wyo. 1983). The *Sheridan Newspapers* court stated "the custodian must be able to satisfy the court that, in the balancing process, statutory withdrawal, when viewed in the spotlight of public interest protections, outweighs the public policy which emphasizes disclosure." *Id.* at 708-99. Moreover, as discussed above, in federal question cases, privilege is determined upon application of federal statutes and federal common law. Although federal law dictates privilege in this case, since it involves alleged Constitutional violations, the Court must be attentive to state law. *See e.g. King v. Conde*, 121 F.R.D. 180, 187-88 (E.D.N.Y.1988). Thus, a reading of the statute, combined with Wyoming dicta, demonstrates that the statute does not conflict with the Federal Rules of Civil Procedure, as the purpose of the statute is not to hinder discovery, but to ensure precautions are taken when disclosing certain types of information.

### B.   Public Interest of Internal Affairs Investigations

Public interest of internal affairs investigations focuses on the public's interest in keeping certain police files confidential. Although defendants argue that discovery of personnel files will disseminate highly private information, threaten safety of officers and their families, harm

7

investigative procedure, and hinder candor, this very argument is overstated and courts are warned to be wary of it in restricting discovery. This is based on the idea that disclosure of certain information regarding internal investigations could have a chilling effect on candor in future investigations. *See King*, 121 F.R.D. at 192. *See also Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 437-38 (10th Cir. 1981). Federal courts do recognize this concept and accept the need to balance the various factors in favor and against a disclosure to ascertain whether the internal investigation files should be produced. However, "it is doubtful that citizens and police officers will absolutely refuse to cooperate in investigations because of a few isolated incidents of disclosure." *Lichtenstein*, 660 F.2d at 437. Thus, in weighing the need for confidentiality in a balancing test, the Court finds it should be moderately pre-weighted in favor of disclosure, although some weight should be given to privacy rights protected by the state constitution and statutes. *Accord Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68 (N.D. Cal. 1987) (finding that as a matter of public policy, privileges should be narrowly construed in support of enforcement of civil rights statutes through civil actions filed by aggrieved private parties).

Based on the foregoing, the Court does not find defendants' argument convincing in regards to their individual personnel files and training materials. Adequate precautions can be constructed to minimize an invasion of privacy to the individual defendant officers. Plaintiff is entitled to personal records of the individual officers, limited to training information, disciplinary information, and promotion/demotion information. All other personal records information is confidential and irrelevant.

Plaintiff has failed to demonstrate the relevance of discovery concerning the confidential informant. Secondly, the identities of confidential informants and surrounding information is extremely sensitive. To disseminate such information, even pursuant to a protective order, chills the willingness of persons to inform on others and subjects the informants to potential serious security issues. Therefore, the Court finds the public interest in maintaining the confidentiality of the confidential informant's information outweighs plaintiff's need to desire to discover this information.

C.      **Protective Order**

The Court is mindful of the individual defendant officers' privacy interests, therefore, will enter a protective order. Defendants may redact information in their personnel records that does not pertain to training, disciplinary, or promotion/demotion information. Additionally, all discoverable information is to be limited to review only by plaintiff's counsel, unless defendants provide prior written authorization or written leave of the Court is otherwise granted.

IV.     **CONCLUSION**

In construing the individual defendant officers' privacy interest narrowly, the Court finds there is no *absolute* right to privacy in the contents of their personnel files and for this reason, only highly personal information is protected. Accordingly, the Court requires production of the officers' personnel records, which shall specifically exclude any information not related to training, disciplinary actions, or promotions/demotions. So that the disclosures are made in a least intrusive manner, the request shall be subject to the Court's protective order requiring all non-discoverable information be redacted and the discoverable information limited to review by plaintiff's counsel

only, unless prior written authorization is given by defendants or written leave of the Court is otherwise granted. As for the requested information regarding the confidential informant, the Court finds the public interest in maintaining the confidentiality of the confidential informant's information outweighs plaintiff's need to desire to discover this information. Consequently, plaintiff's request in this regard is denied.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's *Motion to Compel Discovery* be, and the same is hereby, GRANTED, in part, and DENIED in part. It is

FURTHER ORDERED that plaintiff's requests found in Requests for Production Nos. 1, 2, 3, and 4 is hereby GRANTED. Defendants shall produce the individual defendant officers' personnel records. Defendants may specifically exclude any information not related to training information, disciplinary information, and promotion/demotion information. It is

FINALLY ORDERED that plaintiff's requests found in Interrogatory No. 3 and Request for Production No. 4 is hereby DENIED.

Dated this 8th day of September, 2010.

William C. Beaman
United States Magistrate Judge