**SUBMITTED BY:**
Jeffrey C. Gosman
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (**fax.**)
(307) 265-3082 (ph.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH,<br><br>                Plaintiff,<br><br>vs.<br><br>City of Powell, and in their individual capacity,<br>Tim Feathers, Chad Miner, Mike Chretien,<br>Roy Eckerdt, Dave Brown, Mike Hall,<br>Brett Lara, Matt McCaslin, Alan Kent,<br>Matt Danzer, Officer Brilakis, Lee Blackmore,<br>Cody Bradley, Kirk Chapman.<br>John Does #1 - #4<br><br>                Defendants | CASE NO. **10 cv 041J** |

### *ERRATA TO THE PLAINTIFF'S RESPONSE TO THE SUMMARY JUDGMENT MOTIONS*

Comes Now, Plaintiff, by and through counsel Jeff Gosman of *GOSMAN LAW OFFICE* and supplies the Court with an Errata clarifying certain scrivernor's errors in the Plaintiff's Response to Summary Judgment set out as follows:

1. In the first paragraph on page 9 of Plaintiff's Response to the Motions for Summary Judgment, there is a reference to the deposition of Tom

Wachsmuth following the sentence "However, Bret Wachsmuth reported in his deposition, that he was the one who reported that the Confidential Informant had called him that day to warn him that he was being turned in, and this happened after the raid was over and he was being interviewed by the police." The reference should be to the deposition of Bret Wachsmuth.

2. In the second paragraph on page 23 of the Plaintiff's Response to the Motions for Summary Judgment, there is a citation to the deposition of Tim Feathers following a reference to a Powell City Ordinance. The reference to the Tim Feathers deposition should follow the next sentence which reads: "The Chief of Police promulgated and adopted the Police Department Policies and Procedures Manual, which grants him ultimate authority to determine policy for the police department."

3. On Page 39, the first sentence of the second paragraph reads: "Sergeant Eckerdt was the officer who initially took custody of the Plaintiff." It should read, "Sergeant Eckerdt was the officer who initially stood by the Plaintiff. *See Eckerdt p. 58, l. 11 through p. 63, l. 7; page 70, l. 8 through p. 71, l. 7.*"

4. On Page 39, the first sentence on the last paragraph of the page reads: " "After Chapman, Miner, Chretien, Hall and Danzer cleared the upstairs with the assistance of Kent and McCaslin, while Eckerdt stood over the Plaintiff, they all assembled in the living room and Kitchen and held their weapons in the ready position pointed at the Plaintiff." In addition the earlier references to the record, Tricia Wachsmuth's declaration contains a description of how

the officers held their weapons at various times during the search. There should be a reference to *Tricia Wachsmuth's declaration* at the end of that sentence.

Friday, January 14, 2011

>Respectfully submitted,

>_____-S-_____
>JEFFREY C. GOSMAN
>Plaintiff's Counsel
>**GOSMAN LAW OFFICE**
>PO Box 51267
>Casper, Wyoming 82601
>(307) 265-3082 (ph.)
>(307) 265-6715 (fax.)

## *Certificate of Service*

I hereby certify that true and correct copies of the foregoing document was served this Friday, January 14, 2011 by forwarding a copy by ***e-submission*** depositing the same in the U.S. mail, postage prepaid, to the following parties in interest:

| | |
|---|---|
| Mishy Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>(307) 777-5477<br>(307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>(307) 324-2713<br>(307) 324-7348<br>tthompson@wyomingattorneys.net |

>_____-S-_____
>Jeff Gosman