**SUBMITTED BY:**
JEFFREY C. GOSMAN
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (**fax.**)
(307) 265-3082 (ph.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH, <br><br>       Plaintiff, <br><br> vs. <br><br> City of Powell, and in their individual capacity, <br> Tim Feathers, Chad Miner, <br> Mike Chretien, Roy Eckerdt, Dave Brown, <br> Mike Hall, Brett Lara, Matt McCaslin, <br> Alan Kent, Matt Danzer, Officer Brilakis, <br> Lee Blackmore, Cody Bradley, Kirk Chapman <br> John Does #1 - #4 <br><br>       Defendants | CASE NO. **10 cv 041J** |

## PLAINTIFF'S MOTION IN LIMINE

**Comes Now**, Plaintiff, by and through counsel Jeff Gosman of *GOSMAN LAW OFFICE* and moves in limine for the following matters:

1.   Any reference to the diaries or notes or diagrams of Bret Wachsmuth seized during the raid on his home. These diaries contain prejudicial material and

       have nothing of substance to do with the Plaintiff's claims or the Defense of those claims.

2. Any reference to the alleged baggie of Cocaine, as that item was not mentioned by the Confidential Informant as evidence of drugs in the Wachsmuth residence, its presence was not identified on either the evidence log prepared by the officers that night pursuant to the search of the Wachsmuth residence, the photographs taken by the police officers conducting the search, or on the evidence log prepared by the evidence technician at the Powell Police Department, and the Wachsmuths deny that they had any Cocaine in the house.

3. Evidence that "child pornography" was on Bret Wachsmuth's computer. It appears that there was no child pornography on the computer. Bret Wachsmuth had complained to the police that the Confidential Informant had been viewing child pornography on his computer.

4. Any evidence seized by the officers during the search that night that does not bear on the Plaintiff's claims, such as the magazine "High Times", drug paraphernalia, and drug testing equipment.

These matters should not be allowed in evidence in this case based upon prejudice to the Plaintiff and lack of relevance or probative value pursuant to Rules 402 and 403 of the FRCP.

Tuesday, January 18, 2011.

                Respectfully submitted,

            _____-S-_____
            JEFFREY C. GOSMAN
            Plaintiff's Counsel
            **GOSMAN LAW OFFICE**
            PO Box 51267
            Casper, Wyoming 82601
            (307) 265-3082 (ph.)
            (307) 265-6715 (fax.)

*Certificate of Service*

  I hereby certify that true and correct copies of the foregoing document was served this Tuesday, January 18, 2011 by ***e-submission*** to the following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>   (307) 777-5477<br>   (307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>   (307) 324-2713<br>   (307) 324-7348<br>tthompson@wyomingattorneys.net |

            _____-S-_____
            Jeff Gosman