Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY 82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for Defendants, City of Powell, Tim Feathers, Chad Miner, Mike Chretien, Roy Eckerdt, Dave Brown, Mike Hall, Brett Lara, Matt Mcccaslin, Alan Kent, Matthew Danzer, Officer Brilakis, Lee Blackmore, Cody Bradley and Kirk Chapman, all in their official capacity

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

TRICIA WACHSMUTH,

Plaintiff,

vs. Civil Action No. 10- CV-041-J

CITY OF POWELL, TIM FEATHERS, CHAD MINER,
MIKE CHRETIEN, ROY ECKERDT, DAVE BROWN,
MIKE HALL, BRETT LARA, MATT McCASLIN,
ALAN KENT, MATTHEW DANZER, OFFICER BRILAKIS,
LEE BLACKMORE, CODY BRADLEY, KIRK CHAPMAN
JOHN DOES #1-#4

Defendants.

---

**DEFENDANTS' FINAL PRETRIAL MEMORANDUM**

---

**COME NOW** the Defendants, City of Powell, and all individuals in their official capacities, (hereinafter referred to as "City Defendants"), by and through their attorney, Thomas A. Thompson, of the law firm of MacPherson, Kelly & Thompson, LLC, and pursuant to the applicable rules and orders of this Court governing this action, submit their Final Pretrial Memorandum.

**(a) *Jurisdiction***

Plaintiff asserts federal question jurisdiction pursuant to alleged violations by the City of Powell and those individually named peace officers in their official capacities pursuant to 42 U.S.C. § 1983. Plaintiff also asserts state law claims for intentional infliction of emotional distress. Jurisdiction of this Court is not disputed. There is no remaining question as to the propriety of the parties.

**(b) *General Nature of the Claims of the Parties***

The Plaintiff alleges eleven counts against the Defendants that are couched as "excessive force in the execution of a search warrant that was unreasonable and violated the Fourth Amendment of the United States Constitution" and "State law claims for intentional infliction of emotional distress and violation of the Wyoming Constitution Article 1 § 4" are also included. (Plaintiff's *Second Amended Complaint* at ¶1 and ¶2). Plaintiff goes on to allege violations of her rights under 42 U.S.C. §1983 and WYO. STAT. §§ 1-39-101 through 1-39-120, et seq.: Tortious Conduct of a Peace Officer. Defendants generally deny said claims and assert their affirmative defenses.

**(c) *Uncontroverted Facts***

The factual basis of Plaintiff's *Second Amended Complaint* is the alleged constitutional violations by officers of the Powell Police Department in the execution of a "knock and announce" search warrant. (Doc. 53, Exhibit "A", *Search and Seizure Affidavit* and *Warrant*, Chretien Dep. Ex. 13 & 17). That "knock and announce" search warrant was obtained by Defendant Chad Miner, an officer of the Powell Police Department who based his *Search and Seizure Affidavit* upon information received from a confidential informant. The *Affidavit* contained information that the Plaintiff's husband was conducting a marijuana grow operation in the basement of their home.

Additionally, the confidential informant had indicated that the Plaintiff and her husband had numerous firearms in the residence, including handguns and rifles. (Doc. 53, Exhibit "A", *Search and Seizure Affidavit* at p. 4). The execution of the *Search and Seizure Warrant* was planned and executed on February 24, 2009 by members of the Powell Police Department. Chief Feathers approved the general plan. In addition to seizing two mature marijuana plants, the Powell Police Department also seized numerous drug paraphernalia, a marijuana grow log, grow books, grow lights, a scale, loaded handguns, rifles, two (2) books which were titled drug bibles and miscellaneous information on growing marijuana. (Doc. 53, Exhibit "B", Evidence Record, McCaslin Dep. Ex. 23).

City Defendants join and incorporate by reference those additional undisputed facts included in the *Final Pretrial Memorandum* filed by counsel for all Defendants in their individual capacities. Additional facts will be set out, as necessary in the body of the argument below.

**(d)** ***Contested Issues of Fact***

Those contested issues of fact as they relate to City Defendants concerns what was discussed by Chief Feathers and Defendant Chretien in regards to the planning for the execution of the search warrant. City Defendants join the Defendants in their individual capacities in regards to the factual issues that are not in dispute which are filed in their *Final Pretrial Memorandum*.

**(e)** ***Contested Issues of Law***

City Defendants have filed a Motion for Summary Judgment regarding the legal issues of the City's liability under 42 U.S.C. 1983 and State law claims , which is set out in more detail in the Memorandum in Support of Defendants' Motion for Summary Judgment (Doc. 53). It is the City Defendants' position as to the issues noted as follows:

1. There were no policies, procedures, customs or usages in place by the Powell Police Department that caused any violation of Plaintiff's Constitutional rights.

2. The training, supervision and direction according to the City's policies did not demonstrate deliberate indifference to contemporary standards for training, instruction, supervision and direction given to officers generally, but particularly in regards to the execution of a search warrant.

3. The planning and execution of the search warrant and applicable policies and procedures of the City did not demonstrate deliberate indifference to contemporary standards and were in accordance with accepted policies, practices and customs.

City Defendants join the Defendants, in their individual capacities, in their *Final Pretrial Memorandum*.

**(f) *Exhibits and Documentary Evidence***

City Defendants' exhibits are listed on Exhibit "A", attached hereto and incorporated herein by this reference.

City Defendants reserve the right to offer all exhibits identified by the Defendants in their individual capacities in their *Final Pretrial Memorandum* as well as the Plaintiff in her *Final Pretrial Memorandum*. City Defendants also reserve the right to offer additional exhibits used in rebuttal. City Defendants may or may not offer the exhibits listed.

**(g) *Witnesses***

In the absence of reasonable notice to opposing counsel, Defendants may call the witnesses at trial set forth on Exhibit "B", attached hereto and incorporated herein by this reference.

**(h)** ***Discovery***

Discovery has been completed.

**(i)** ***Amendments to pleadings***

Plaintiff has amended her Complaint to assert compliance with State law claims. Defendants have not amended their Answer.

**(j)** ***Other matters which may require the Court's attention***

None.

**(k)** ***Necessity of filing trial briefs***

The law is clearly set forth in the City Defendant's previously filed Memorandum (Doc. 53).

**(l)** ***Jury Verdict***

The jury verdict form will require special interrogatories based upon the legal allegations.

**(m)** ***Settlement possibilities***

An Offer of Judgment pursuant to Rule 68 of Fed.R.Civ.P. was made in this case. No further Offers of Judgment have been made. No mediation is scheduled.

**DATED** this 21st day of January, 2011.

/s/ Thomas A. Thompson
Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
PO Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713
(307) 324-7348 - fax

**CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of January, 2011, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

Jeffrey C. Gosman
Gosman Law Office
P.O. Box 51267
Casper, WY 82601

Misha Westby
Wyoming Attorney General's Office
Herschler Building, 1st Floor West
Cheyenne, WY 82002

/s/ Thomas A. Thompson
For MacPherson, Kelly, & Thompson, LLC

Mailed By: hef