Bruce Salzburg
Wyoming Attorney General

John Renneisen
Deputy Attorney General

Misha Westby – WY Bar No. 6-2826
Cathleen D. Parker –WY Bar No. 6-3236
Senior Assistant Attorney General
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY 82002
T: (307) 777-5457
F: (307) 777-8920
E: mwestb@state.wy.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Tricia Wachsmuth, | ) | |
| | ) | |
| Plaintiff, | ) | 10-CV-041-J |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Powell, Tim Feathers, Chad Miner, | ) | |
| Mike Chretien, Roy Eckerdt, Dave Brown, | ) | |
| Mike Hall, Brett Lara, Matt McCaslin, | ) | |
| Alan Kent, Matthew Danzer, Officer Brilakis, | ) | |
| Lee Blackmore, Cody Bradley, Kirk Chapman, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING ACCUSTION OF "WITNESS TAMPERING" AGAINST INVESTIGATOR BROWN AND COMMENTING ON THE DEFENDANTS ATTENDANCE OF THE PLAINTIFF'S DEPOSITION**

The Individual Defendants, by and through the Office of the Attorney General of the State of Wyoming, hereby request the Court exclude testimony regarding Plaintiff's counsel's accusation of witness tampering against Investigator Brown.

During Investigator Brown's deposition, the following exchange occurred between Plaintiff's counsel Jeff Gosman and the witness:

> Q. Officer, do you know what witness tampering is?
>
> A. Yes.
>
> Q. Do you realize that witness tampering is against the law?
>
> A. Yes.
>
> Q. Why don't you tell me in your own words what happened between you and Lieutenant Patterson last weekend at the high school football game?

(Brown depo. at 12, attached hereto as Exhibit A).  Based on Plaintiff's counsel's clear and undisguised accusation of criminal conduct, Investigator Brown was instructed not to answer the question, a break was taken during the deposition to give the witness an opportunity to contact separate counsel and did not discuss the matter in the deposition after it continued.

In addition to the improper manner in which this matter was raised with the witness, i.e. as a threat to the witness of criminal prosecution, this is completely irrelevant to the case at hand.  Lt. Patterson was not discouraged from testifying, did testify in deposition and has been listed as a witness at trial.  The actual conversation, even as alleged by Lt. Patterson, does not support the allegation of witness tampering:

> Q. Okay. All right. Thank you.  Did you run into Officer Brown from the Powell Police Department last Friday night at the Powell football game, high school football game?
> …
> THE WITNESS: Yeah, I saw Dave Brown Friday night.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 2 of 7

BY MR. GOSMAN:

Q. Were there other Powell police officers present?

A. Yeah.

Q. How many?

A. One.

Q. And why don't you describe for me what happened in that encounter?

MS. WESTBY: Same objection.

MR. THOMPSON: Join. Go ahead.

THE WITNESS: I was talking with Officer McCaslin. I mean, we talk. He's a school resource officer, fairly new to that position. And I've got a boy that goes to the high school. We were -- he was walking along and I stopped and talk to McCaslin and we were just chatting about how it's going. Just general chitchat. In a small town you talk to everybody you run into. Dave Brown was walking with his wife. He was in a plain -- he wasn't in a duty uniform, but he was in, like, a -- I guess you would call it your off-duty uniform. I don't know what it would be. He was in like plainclothes, Dockers and a shirt, working off-duty at the game. I don't know if it was on duty, but plainclothes. He appeared that he was working. And he was walking towards Officer McCaslin and I as we were talking.

Q. And did he stop and talk to you?

A. Yes.

Q. Tell me about that conversation.

MS. WESTBY: Same objection.

MR. THOMPSON: Join.

THE WITNESS: Well, he -- as we were talking -- and I'd seen him earlier in the night and said hello. But as he came up, he said, "hey" -- there was a smart aleck remark made by me that where I said -- his wife had said something to me about what you -- you guys, me and McCaslin, were talking together. And says, "You cops all just talk to each other and you don't have any friends." And I go, "It's very apparent I don't have any friends." And then the next statement was, "oh" -- and it was by Dave Brown, "Oh, when are you scheduled for your deposition to be testifying?" That was his statement.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 3 of 7

BY MR. GOSMAN:

Q. All right. And I assume you told him?

A. At that point, I had no issues. I said, "Yeah, next Friday, I'm scheduled for 1:30." And I turned back and started talking to Officer McCaslin again.

Q. Then what happened?

MS. WESTBY: Same objection.

MR. THOMPSON: Join.

THE WITNESS: At that point, Dave Brown said, "Well, you know" -- and these aren't exact words. But it was, "Well, you know, the expert is quoting you left and right." And that caught me off guard. I didn't anticipate that we would even be discussing any of this in a public setting. Or that we'd be discussing this period because I was under subpoena.

BY MR. GOSMAN: And what did you say to Officer Brown?

MS. WESTBY: Same objection.

MR. THOMPSON: Join.

THE WITNESS: I said, "What are you talking about? I've never talked to an expert."

BY MR. GOSMAN: And what did he say?

MS. WESTBY: Same objection.

MR. THOMPSON: Join.

THE WITNESS: He said, "Well, he's quoting you left and right." And again, I said, "I haven't talked" -- "Dave, I don't know what you're talking about. I've never talked to an expert." And then he said, "Well, he must be quoting your report. You know it's public record." And then I said, "It's been public record since the day I wrote it. It's been out there." And then he indicated that, "Well, it's been in the paper." And I asked him at that point – there were two times where I said, "I don't know if we should be talking about this." And I think it was at that point where I said, "I don't

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 4 of 7

think we ought to be talking about this." During this time, it appeared to me that Officer McCaslin was very uncomfortable. And he never commented, but he backed away. And at one point, he even turned away when this conversation was taking place.

BY MR. GOSMAN: Did Officer Brown continue this discussion, or line of discussion after you informed him that you didn't feel it was appropriate?

A. Yes.

MS. WESTBY: Same objection.

MR. THOMPSON: Join.

THE WITNESS: Sorry.

BY MR. GOSMAN: And what did he say?

MS. WESTBY: Same objection.

MR. THOMPSON: Go ahead.

THE WITNESS: He said -- let me back up. We got to the point where I said, "I don't think it's appropriate we're talking about it." And then he said something to the effect, "Well, you know we'll" -- and the way he said it was, "Well, you know, we'll all be there and we'll all be listening." And I said -- and I remember raising my hand, because now I was getting pissed. Because I didn't think we should be going there. But I'm not going to roll over either. And I remember raising my hand saying, "What are you getting at and what's your point?" And then he stopped. And then I began to be more assertive. And I said, "I'm going to be telling the truth. There will be more to come on Friday. And let me make it clear" -- and at that point, Officer McCaslin could see that I was becoming irritated. And he turned back and looked. We were looking at each other. And I looked at Dave Brown. And I said, "Let me make it clear." And the effect of it was let me make this clear. I didn't agree with some of the stuff that went on here. My position has not changed from day one. And at that point, Dave Brown said -- I don't know if you're going to object to this.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 5 of 7

> BY MR. GOSMAN: We'll worry about that later.
>
> A. Dave Brown said, "Well, it doesn't matter, I was in the backyard." And that's how it ended. And he was walking away. And I walked away.

(Patterson depo. at 60-67, attached hereto as Exhibit B).  This exchange does not meet the elements necessary to establish the crime of witness tampering.  It is not relevant to the issues in this case and any alleged relevance is clearly outweighed by the extreme and unfair prejudice to the Defendant and potential confusion to the jury.  Lt. Patterson has not been discouraged from testifying in this case and has testified in full in this case including criticism of the officers.  An allegation of criminal conduct, particularly in the manner raised by Plaintiff's counsel is at best irrelevant and arguably improper as it was raised by Plaintiff's counsel.

### 1. COMMENTING ON THE DEFENDANTS PRESENCE AT THE PLAINTIFF'S DEPOSITION

During a videotaped trial deposition conducted on February 7, 2011, Plaintiff's counsel commented in a derogatory manner on the fact that the Defendant Officers attended the Plaintiff's deposition.  This is inappropriate in and of itself since the Officers, as Defendants, have the legal right to be present at any depositions in this case.  The Plaintiff's attorney then went on to assert that the Officers presence was improper and an attempt to aggravate the Plaintiff's PTSD, increase her distress and generally upset and intimidate her.  These types of questions or similar testimony are improper and inappropriate.  The Defendants request that the Court preclude such questions or testimony.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 6 of 7

WHEREFORE, the Individual Defendants ask the Court to exclude the testimony or question of counsel set forth above as irrelevant, extremely and unfairly prejudicial and contrary to law.

DATED this 7th day of February, 2011.

/s/ Misha Westby
Misha Westby – WSB No. 6-2826
Senior Assistant Attorney General

/s/ Cathleen D. Parker
Cathleen D. Parker –WSB No. 6-3236
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2011, the foregoing was filed and served electronically using CM/ECF to the following individuals:

| | |
|---|---|
| Jeffrey C. Gosman | Tom Thompson |
| Gosman Law Office | MacPherson, Kelly & Thompson |
| PO Box 51267 | PO Box 999 |
| Casper, WY 82601-2481 | Rawlins, WY 82301-0999 |
| E: Jeffg@gosmanlawoffices.com | E: tthompson@wyomingattorneys.net |

/s/ Lee Ann Schutt
Office of the Wyoming Attorney General

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Motion in Limine to Exclude Testimony on Witness Tampering and Comments on
Defendants Presence at the Plaintiff's Deposition
Page 7 of 7