**SUBMITTED BY:**
JEFFREY C. GOSMAN
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (**fax.**)
(307) 265-3082 (ph.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH,<br><br>             Plaintiff,<br><br>vs.<br><br>City of Powell, and in their individual capacity,<br>Tim Feathers, Chad Miner,<br>Mike Chretien, Roy Eckerdt, Dave Brown,<br>Mike Hall, Brett Lara, Matt McCaslin,<br>Alan Kent, Matt Danzer, Cody Bradley,<br>and Kirk Chapman.<br><br>             Defendants | CASE NO. **10 CV 041J** |

### PLAINTIFF'S OBJECTION TO THE LATE INSERTION OF THE WORD "INTENT" IN THE ELEMENTS INSTRUCTION AND MEMORANDUM ON THE ISSUE OF "INTENT" AS AN ELEMENT OF § 1983 LIABILITY AND A CURATIVE INSTRUCTION TO FOR THE JURY

**Comes Now**, Plaintiff, by and through counsel Jeff Gosman of GOSMAN LAW OFFICE and provides the following memorandum.

The word intent was allowed back into the elements instruction after the instruction

conference and the court reporter was not present. By this notice Plaintiff objects on the record to the insertion of that word.

Plaintiff proposes a curative instruction to correct the issue which is raised by insertion of the word "intent" into the requirement that there be a deprivation of Plaintiff's constitutional rights.

There is no intent element in § 1983. *42 USC § 1983* is set out below:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any *169 citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In one of the earliest expressions on the subject, the Court in *Monroe v. Pape*, 81 S.Ct. 473, *484* (US [CA 7] 1961) made clear that § 1983

> The word 'wilfully' does not appear in s 1979. Moreover, s 1979 provides a civil remedy, while in the Screws case we dealt with a criminal law challenged on the ground of vagueness. Section 1979 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.

In *Parratt v. Taylor*, 101 S.Ct 1908, *1912-3* (US [CA8] 1981) the Court addressing the finding in *Monroe v. Pape* stated that:

> Both Baker v. McCollan and Monroe v. Pape suggest that § 1983 affords a "civil remedy" for deprivations of federally protected rights caused by persons acting under color of state law without any express requirement of a particular state of mind. Accordingly, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct

complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

The Court went on to hold that:

Nothing in the language of § 1983 or its legislative history limits the statute solely to intentional deprivations of constitutional rights. In Baker v. McCollan, supra, we suggested that simply because a wrong was negligently as opposed to intentionally committed did not foreclose the possibility that such action could be brought under § 1983.

*Parratt v. Taylor*, 101 at 1912.

In *Daniels v. Williams*, 106 S.Ct. 662, **664** (US [CA 4] 1985), the Supreme Court overruled *Parratt v. Taylor* as it applied to substantive due process claims but reiterated the holding of *Parratt* as it applies to other § 1983 claims. The Court explained that there would be situations were mere negligence would not suffice for the state of mind element, but that in the body of § 1983 cases that state of mind was appropriate:

In Parratt v. Taylor, we granted certiorari, as we had twice before, "to decide whether mere negligence will support a claim for relief under § 1983." After examining the language, legislative history, and prior interpretations of the statute, we concluded that § 1983, unlike*330 its criminal counterpart 18 U.S.C. § 242, contains no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right. We adhere to that conclusion. But in any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim. See, e.g., Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (invidious discriminatory purpose required for claim of racial discrimination under the Equal Protection Clause); Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("deliberate indifference" to prisoner's serious illness or injury sufficient to constitute cruel and unusual punishment under the Eighth Amendment). *Citations omitted.*

***Daniels v. Williams***, 106 at 664.

These cases make clear that where there are no claims for substantive due process, or discrimination under the Equal Protection Clause, or claims under the 8th amendment, there is no intent requirement beyond that which would establish that the actor intended the consequences of his own actions.

The facts of this case clearly involve the allegations that the Defendants did not know they were violating the constitution and did not need to know that they were specifically violating the constitution when they wilfully and purposefully committed the acts upon which Plaintiff bases her claim.

Injecting an "intent" element into the question of whether the officers did in fact deprive Plaintiff of her constitutional rights in this case, allows the jury to turn the question on whether the officers intended to violate the constitution. This is an incorrect statement of the law. The fact the jury would return a note to the Court asking if intent was a required element of a section 1983 claim clearly suggests that they believed the intent or intention of the officers is a substantive element of the 4th amendment claims in this case, where in fact, it is only required that the officers intended to take the actions they took that night.

Plaintiff proposes a curative instruction as attached.

Thursday, March 3, 2011.

Respectfully submitted,

_____-S-_____
JEFFREY C. GOSMAN
Plaintiff's Counsel
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, Wyoming 82601
(307) 265-3082 (ph.)
(307) 265-6715 (fax.)

### *Certificate of Service*

I hereby certify that true and correct copies of the foregoing document was served this Thursday, March 3, 2011 by ***e-submission*** to the following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>(307) 777-5477<br>(307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>(307) 324-2713<br>(307) 324-7348<br>tthompson@wyomingattorneys.net |

_____-S-_____
Jeff Gosman

INSTRUCTION NO. \_\_\_\_\_

With regard to the word "intent" as it appears in Instruction No. 18 you are further instructed that:

An act is done knowingly if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If the officers intended the natural consequences of their actions you may infer that they acted with the "intent" necessary to deprive the Plaintiff of her civil rights.

In this case, liability against the officers is not conditioned upon their intentionally violating the constitution, they need only to have intended to take the actions they took that night.

_____
Given