FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 04 2011

Stephan Harris, Clerk
Cheyenne

Instruction No. __1__

It will be your duty to find from the evidence what the facts are. You, and

you alone, are the judges of the facts. You will then have to apply to those facts

the law as the Court will give it to you. You must follow that law whether you

agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to

indicate nor should be taken by you as indicating what your verdict should be.

Instruction No. __2__

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

Instruction No. __3__

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. You may consider both kinds of evidence.

Instruction No. __4__

This is a civil case. The plaintiff has the burden of proving the plaintiff's case by what is called the preponderance of the evidence. That means the plaintiff must produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and defendants' evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat on her side. If the plaintiff fails to meet this burden, the verdict must be for defendants.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind.

Instruction No. ___5___

At the conclusion of the evidentiary portion of the trial, I will instruct you on the specific law you must apply to the facts as you find them. At this time, however, I will give you a brief overview to frame the issues you are about to hear.

This case arises from the execution of a search warrant at the Powell, Wyoming residence of Plaintiff Tricia Wachsmuth on February 24, 2009. The Fourth Amendment to the United States Constitution requires a search warrant to be issued on the basis that probable cause exists that a crime has been committed and evidence of that crime is in the location to be searched. In addition to requiring probable cause, the Fourth Amendment also requires all searches and seizures be conducted in a reasonable manner.

In this case, the Powell Police Department received a warrant to search Plaintiff's residence. Whether probable cause existed is not an issue in this case. What is at issue is the next step: the actual execution of the search warrant by the defendant police officers and whether their actions constituted excessive force.

Later, I will instruct you on the specific law that applies to each of Plaintiff's claims. However, while hearing all the evidence, you must be aware that the reasonableness of a search must be considered under the totality of the circumstances that existed at the time of the search.

Instruction No. __6__

The jury is the sole judge of the credibility of the witnesses and the weight

to be given their testimony. You should take into consideration their demeanor

upon the witness stand, their apparent intelligence or lack of intelligence, their

means of knowledge of the facts testified to, the interest, if any, which any witness

may have in the outcome of their trial, the prejudice or motives, or feelings or

revenge, if any, which have been shown by the evidence. In so doing, you may

take into consideration all of the facts and circumstances in the case and give such

weight as you think the same are entitled to, in light of your experience and

knowledge of human affairs.

Instruction No. __7__

Try not to be swayed by the appearance of the witness—the clothing, hairstyle, or grooming. Guard against the natural tendency to believe people whose appearance is similar to your own dress and grooming. Also be on guard against being influenced by how attractive the witness may be. Beware of an inclination to be more sympathetic to a witness who is appealing in his or her appearance. These factors are often unrelated to a witness's truthfulness.

Mannerisms can also be misleading. Sometimes a truthful witness may seem to be nervous or tense—such a witness may be intimidated by the courtroom and some witnesses are typically nervous, fidgety or tense in their manner. Evaluate not just what the witness says, but how the witness says it. Pay attention to facial expressions, gesture, posture, and tone of voice. Look for discrepancies between what the witness says and how the witness says it. But remember that sometimes truthful witnesses may look worried because they are afraid of being disbelieved, and that some liars can behave convincingly.

Instruction No. __8__

The Court will permit jurors to take notes during the course of this trial,

since there may be complicated issues in which the notes may be helpful. You of

course are not obliged to take any notes, and some feel that the taking of notes is

not helpful because it may distract you so that you do not hear and evaluate all of

the evidence. If you do take notes please keep them in confidence between

yourself and your fellow jurors.

Instruction No. __9__

Ladies and gentlemen, with the agreement of counsel for the parties, I am going to allow you the opportunity to ask questions of the witnesses who will be testifying in this case.

Let me therefore tell you the procedure that we will follow with respect to any questions that you may have of a witness.

First: Please hold your questions until the witness has finished answering questions put to him or her by the attorneys. You will often find that questions that you would like to ask will eventually be asked by one of the attorneys.

Second: Any questions that you would like to ask a witness must be written down on a piece of paper and passed to me for review. Such questions should be limited to important matters and should be relevant to the issues presented in this trial so that we don't get bogged down or distracted from those issues.

Third: I will review any questions that you may submit with the attorneys at the side of the bench or at a break. Since your questions, like those of the attorneys, are governed by our rules of evidence, I may be required to alter or refuse any of your questions. If so, you should not be offended or upset, or hold it against either of the parties, or speculate as to what the answer to your question might have been.

Fourth: If I allow the question, then I or one of the attorneys may pose it to

the witness, and the attorneys may be allowed to ask follow-up questions of the

witness.

Instruction No. __10__

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking

websites, including but not limited to Facebook, MySpace, LinkedIn, and

YouTube.

Instruction No. __11__

Next, a few words about your conduct as jurors. To insure fairness, you as jurors must obey the following rules:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Fourth, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

Fifth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but

that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

Sixth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

Seventh, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the Internet for information about some issue or person in

this case. In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

Eighth, cell phones are not permitted in the jury room during deliberation.

Finally, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Instruction No. __12__

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, the plaintiff will present her witnesses and the defendants may cross-examine them. Then the defendants will present their witnesses and the plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

Instruction No. __13__

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial, and the Court does

not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case, nor as to what are or are not facts in the case.

Instruction No. __14__

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence in the case, the jury should find for the defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Likewise, the burden is on the defendant to prove by a preponderance of the evidence every essential element of any affirmative defense asserted by the defendant.

Instruction No. __15__

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Instruction No. __16__

Any finding of fact you make must be based on probabilities, not

possibilities. It may not be based on surmise, speculation or conjecture.

Instruction No. __17__

Plaintiff, Tricia Wachsmuth, claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to her by the Fourth Amendment to the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States, 42 U.S.C. § 1983.

Specifically, Plaintiff alleges that the defendant police officers subjected her to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right not to be subjected to an unreasonable search of her dwelling.

Defendant police officers deny that any of their actions during the time in question violated Plaintiff's constitutional rights. Defendant police officers claim that their actions were objectively reasonable.

Instruction No. __19__

The first element of Tricia Wachsmuth's claim is that the conduct complained of was committed by the Powell Police Officers acting under color of state law.

Action "under color of state law" means that the defendants claim to be acting pursuant to authority given by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of the state, such as county or city, and also any state, county, or city agencies.

Here, the defendants were acting in their official capacities and under color of state law as officers of the Powell Police Department conducting a search and seizure of contraband and evidence of a marijuana grow operation as required by a search warrant that was lawfully signed and issued upon a finding of probable cause by a Park County circuit judge and subsequent seizure of the person of Tricia Wachsmuth at the scene of the search. Therefore, you are instructed that the first element, "under the color of law" is satisfied as a matter of law.

Instruction No. __23__

The acts committed by the defendants cannot have been done by mistake or accidentally. While the defendants need not have intended to deprive her of her constitutional rights, the defendants must have purposefully committed the acts in question.

Instruction No. ___20___

The second element of Tricia Wachsmuth's claim is that the Powell Police

Officers performed acts that operated to deprive the plaintiff of one or more of her

federal Constitutional rights, as defined and explained in these instructions, by

planning an unconstitutional warrant execution; by forcing entry into her home

without knocking and announcing and waiting for her to admit them; by improper

use of the distraction device; and by using excessive force during the course of the

search and the seizure of her person.

Instruction No. __21__

The third element which the plaintiff must prove is that the defendants' acts

were a proximate cause of injuries sustained by Tricia Wachsmuth. An act is a

proximate cause of an injury if it was a substantial factor in bringing about that

injury, and if the injury was a reasonably foreseeable consequence of the

defendants' acts.

Instruction No. __22__

The Fourth Amendment to the United States Constitution protects the right of persons to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures. Tricia Wachsmuth claims that this right was violated by various acts of the defendants in the planning and conducting of the court-authorized search warrant of her residence and the seizure of her person at that time, i.e., planning an unconstitutional execution of the warrant; the failure of the officers to knock and announce their presence and wait a reasonable period of time for the plaintiff to admit them before breaking into the residence; and the use of a flashbang distraction device without adequate observations of precautions to avoid unnecessary damage and risk of personal injury.

The Fourth Amendment to the United States Constitution also protects persons from being subjected to excessive force while being arrested or incident to the execution of a search warrant. Tricia Wachsmuth contends that officers forced her with guns down the stairs where she was employed as a human shield.

Instruction No. __24__

Tricia Wachsmuth's claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment to the United States Constitution. The reasonableness of an officer's conduct must be assessed from the perspective of a reasonable officer on the scene, rather than from 20/20 hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. Reasonableness must include allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. The jury must evaluate the totality of the circumstances in which the police officials found themselves in making your determination of the objective reasonableness of their actions.

Whether the force used is objectively reasonable requires careful attention to the totality of the circumstances of each particular case, including the then-known severity of the crime alleged, whether the suspect reasonably poses a threat to the safety of the officers or others, whether there is a credible risk of flight, destruction of evidence, or resistance to arrest, and whether the individual inside is aware of the officers' presence and identity.

Instruction No. <u>25</u>

You must consider whether the individual defendants violated the Fourth Amendment by use of excessive force while executing the search warrant. Plaintiff, Tricia Wachsmuth, claims the individual defendants did so in the following manner:

1. Defendants Chief Feathers and Sergeant Chretien for planning and approving an unconstitutional execution of the search warrant.

2. Defendants Sergeant Eckherdt, Officer Bradley, Officer Brown, Officer Chapman, Officer Danzer, Officer Hall, Officer Miner, Officer Lara, and Officer McCaslin for being briefed on the details of an unconstitutional plan to execute the warrant and failing to object to such a plan.

3. Defendants Sergeant Chretien, Sergeant Eckerdt, Officer Chapman, Officer Danzer, Officer Hall, and Officer Miner for failing to knock and announce their presence before breaching the door.

4. Defendants Sergeant Chretien, Sergeant Eckerdt, Officer Chapman, Officer Danzer, Officer Hall, and Officer Miner for failing to wait a reasonable time after knocking and announcing their presence before breaching the door.

5. Defendants Sergeant Kent and Officer McCaslin for unreasonably deploying the flashbang device into the master bedroom by not first looking into the bedroom in a manner that the device would not risk injury.

6. Defendant Sergeant Chretien for forcing Plaintiff with guns down the stairs where she was employed as a human shield.

7. Defendants Sergeant Kent, Sergeant Eckerdt, Officer Chapman, Officer Danzer, Officer Hall, Officer Miner, and Officer McCaslin for failing to stop Sergeant Chretien from forcing Plaintiff with guns down the stairs where she was employed as a human shield.

Defendants deny each of the above claims.

Instruction No. __26__

Under a knock and announce warrant, objective reasonableness requires officers to announce their presence and wait a reasonable time for the occupant to answer the door before forcibly entering the residence.

The central inquiry in conducting this determination is whether you find, considering the totality of the circumstances as established by a preponderance of the evidence, an objectively reasonable officer would believe that occupants of the residence had a reasonable amount of time to voluntarily admit the officers.

Instruction No. __27__

The deployment of a flashbang device during the execution of a search

warrant is neither per se reasonable or unreasonable. The reasonableness of the use

of the device depends on the totality of the facts and circumstances of each case.

Instruction No. __28__

The reasonableness of the officers' actions in entering the basement to clear

it depends on the totality of the facts and circumstances, using the standard of an

objectively reasonable officer under those circumstances.

Instruction No. _29_

Each law enforcement official has an affirmative duty to intervene to

prevent another law enforcement official's use of unconstitutional excessive force.

Instruction No.  30

The defendants' answers to Plaintiff's second amended complaint admitted that Sergeant Chretien's plan included: "A primary team consisting of six officers, and five with long guns, were to announce 'police, search warrant' and if the door did not open immediately, the ram was to be used for entry." This admission by the defendants is a conclusively established fact.

The parties dispute what was meant by the term "immediately," as contained in Sergeant Chretien's report. As you have been instructed, the jury is the judge of the facts and will assign such weight to those facts as they deserve.

Instruction No. __40__

Plaintiff further claims damages against Defendants City of Powell and Chief Feathers in his official capacity alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to her by the Fourth Amendment to the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States, 42 U.S.C. § 1983.

Specifically, Plaintiff alleges Chief Feathers, as a supervisor, violated her civil rights by approving the plan to execute the search warrant at her residence for the officers to announce their presence and immediately breach the door without waiting a reasonable amount of time.

Defendants City of Powell and Chief Feathers deny this allegation.

Instruction No. __41__

The governing body of the City of Powell or an official to whom the

governing body has delegated final policy-making authority are policy-making

entities or officials whose actions can be said to represent a decision of the

government itself. The policy-making official may cause injury by direct orders,

by ratifying a subordinate's decision and the basis for it, or by establishing a

policy for municipal employees that, when followed by those employees, results in

the injury.

I instruct you that Chief Feathers is a policy-making official whose actions

may be attributed to the City of Powell.

Instruction No. __42__

In order to prove her claim against Defendants City of Powell and Chief Feathers in his official capacity, the burden is upon Plaintiff, Tricia Wachsmuth, to establish by a preponderance of the evidence each of the following elements:

First, that the defendant police officers violated Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution;

Second, that Defendant Chief Feathers committed a knowing, deliberate, intentional act that has deprived plaintiff of constitutional rights; and

Third, that Defendant Chief Feathers's act caused a violation to Plaintiff's constitutional rights.

Instruction No. __44__

Over the course of the trial, you have heard some evidence for purposes that do not directly relate to the claims of Plaintiff. The claims as the Court instructed you previously are the only claims made by Plaintiff. The following are not at issue and need not be decided by the jury.

The issuance of the search warrant by the Park County circuit judge is not at issue.

The training of the officers is not at issue.

The adequacy of the policies and procedures of the Powell Police Department is not at issue.

The carrying of weapons and holding an occupant at gunpoint during the execution of a search warrant is reasonable as a matter of law and is not at issue.

The results of the search warrant and any criminal actions based on those results are not at issue.

Instruction No. __45__

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all the defendants are liable. Each defendant is entitled to a fair consideration of the evidence as applied to that defendant. No single defendant is to be prejudiced should you find against another. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

Instruction No. __46__

If the plaintiff, Tricia Wachsmuth, has proved all the essential elements of any of her claims, then you must award her a sum of money that you believe will fairly and justly compensate her for any injury you believe she actually sustained as a proximate result of the defendants' misconduct.

You shall award damages only for those injuries that you find the plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by the plaintiff; you must award damages only for those injuries that are a proximate result of conduct by the defendants that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Instruction No. __46a__

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Instruction No. __47__

An injured party may recover compensatory damages for only the actual loss she suffered and no more. She is to be made whole, but she is not to be put in a better condition than she would be had a wrong not been committed. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

– The pain, suffering, emotional distress, and loss of enjoyment of life experienced as a result of the incident in question, and that is reasonably probable to be experienced in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

– The reasonable value of medical care that Plaintiff reasonably needed and actually received, as well as the present value of the care that she is reasonably certain to need and receive in the future.

Instruction No. 47a

If you find that the plaintiff was injured as the direct result of conduct by any of the defendants in violation of § 1983, you must determine whether the plaintiff could have done something, after the injurious conduct, to lessen the harm that she suffered. The burden is on the defendants to prove, by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to her, and that she failed to do so. If the defendants convince you that the plaintiff could have reduced the harm done to her but failed to do so, the plaintiff is entitled only to damages sufficient to compensate her for the injury that she would still have suffered even if she had taken appropriate action to reduce the harm done to her.

Instruction No. __47c__

In determining damages for medical expenses which will be incurred in the future, you must determine the present worth in dollars of such future damages.

A lump sum of money received today is worth more than the same sum paid in installments over a period of months or years because a sum received today can be invested and earn money at current interest rates. By making a reduction for the earning power of money, your answer will reflect the present value in dollars of an award of future damages.

INSTRUCTION NO. _____

You are not to make any award of damages to punish defendants or to award attorneys' fees.

Instruction No. __49__

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of a view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff by a preponderance of the evidence and in accordance with the other instructions.

Instruction No.  50

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintiff, and the answers thereto of the defendants. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Instruction No. __51__

In considering the evidence, you are permitted to draw such reasonable inferences as seem justified in light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts established by the evidence. Any findings of fact you make, however, must be based on probabilities—not possibilities. A finding of fact may not be based on surmise, speculation, guesswork or conjecture.

Instruction No. __52__

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Instruction No. __53__

There are, generally, speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence of nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

Instruction No. __54__

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Instruction No. __55__

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the interest, if any, which the witness may have in the outcome of the trial, the extent of the witness's opportunity to perceive the matters upon which the witness's opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight to which you find it is entitled.

Instruction No. __56__

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact. The lawyer's statements are not evidence.

Instruction No. __57__

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently and innocent misrecollection, like failure of recollection,

is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Instruction No.  58

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly"done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Instruction No. __59__

During the trial of this case, certain testimony has been read or presented to you by way of deposition. A deposition is testimony taken under oath before the trial, in the presence of a court reporter and preserved. The deposition testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording played on a television set. Such testimony is entitled to the same consideration, and is to be judged as to credibility and weight, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

Other deposition testimony has been admitted for its impeachment value only; that is, that the deposition testimony may have differed from, or was inconsistent with, what a witness at trial testified to. This deposition testimony should not be considered as substantive evidence on the merits of the case, but should be considered by you only insofar as such deposition testimony may relate to the credibility of a witness.

Instruction No. __60__

During this trial I have permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Instruction No. __61__

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Instruction No. __62__

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the court may be addressed during the trial of this case.

Instruction No. __63__

At times during the trial the Court has passed upon objections to the

admission of certain things into evidence. Questions relating to the admissibility

of evidence are solely questions of law for the Court and you must not concern

yourselves with the reasons for its rulings. In your consideration of the case you

must draw no inferences from these rulings and you must consider only the

evidence which is admitted by the Court.

Neither in any question I have asked, nor in these instructions, nor in any

ruling, action or remark that I have made during the course of this trial, have I

intended to interpose any opinion or suggestion as to how I would resolve any of

the issues in this case. If I have made any remark that you believe indicates how I

would decide this case, I instruct you to disregard such remark.

Instruction No. __64__

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the sole purpose of returning a verdict.

You are not partisans. You are judges—judges of facts. Your sole interest is to ascertain the truth from the evidence in the case.

Instruction No. __65__

Upon retiring to the jury room, you will select one of your number to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for you. You will take this form to the jury room.

When you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in, date and sign the form which sets forth the verdict upon which you have unanimously agreed and you will then return with the completed form to the courtroom.

Instruction No. __66__

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Instruction No. _C_

Please deliver Instructions No. 18, 23, and A to the bailiff. The Court wishes to revise the same.

GIVEN: *[signature]*

Instruction No. _____

To establish a claim under § 1983, Plaintiff, Tricia Wachsmuth, must establish, by a preponderance of the evidence, each of the following three elements:

First, that the acts of the Powell Police Officers were committed by the defendants acting under color of state law;

Second, the defendants intentionally committed these acts, which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of injuries sustained by the plaintiff, Tricia Wachsmuth.

I shall now examine each of the three elements in greater detail.

GIVEN:

Case 1:10-cv-00041-ABJ Document 175 Filed 03/04/11 Page 68 of 70

Instruction No. 5

Please deliver Instructions No. B to the bailiff. The Court wishes to revise the

same.

GIVEN: _(signature)_

Instruction No. $\not\models$

Question: If we must answer "yes" to all three of the "essential elements" as defined by <u>Instruction No D</u>, how would we be able to answer "no" to question number 3 on the verdict form?

Answer: In order to answer yes to question 1 on the verdict form, you need only answer yes to the second essential element listed in Instruction No. D. The third essential element listed in Instruction No. D is to be answered in question 3 on the verdict form.

GIVEN:

Instruction No. ___G___

Question: Judge Johnson, We have come to a stalemate on question # 16 due to the phrasing "with guns" are we to infer that means at gunpoint or that he used the presence of guns to compel her down the stairs? P.S. Same phrasing used in 17 & 18.

Answer:

The jury is the judge of the facts and the weight and effect of the evidence.

The interrogatory seeks the jury's finding as to whether officers' guns were used to force Plaintiff to be used as a human shield for a clearing operation. The ultimate question for you is whether Plaintiff was used as a human shield.

GIVEN: *[signature]*