Thomas A. Thompson
MacPherson, Kelly & Thompson, LLC
616 West Buffalo St.
P.O. Box 999
Rawlins WY 82301
(307) 324-2713
(307) 324-7348 (fax)
Attorneys for City Defendants, City of Powell and Tim Feathers in his official capacity

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TRICIA WACHSMUTH,

    Plaintiff,

vs.                                                                  Civil Action No. 10- CV-041-J

CITY OF POWELL, TIM FEATHERS, CHAD MINER,
MIKE CHRETIEN, ROY ECKERDT, DAVE BROWN,
MIKE HALL, BRETT LARA, MATT McCASLIN,
ALAN KENT, MATTHEW DANZER, OFFICER BRILAKIS,
LEE BLACKMORE, CODY BRADLEY, KIRK CHAPMAN
JOHN DOES #1-#4

    Defendants.

## CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 50 MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND RULE 59 MOTION FOR NEW TRIAL

**COME NOW**, the above named Defendants, City of Powell and Tim Feathers in his official capacity (hereinafter "City Defendants"), by and through their attorney, Thomas A. Thompson, and hereby submit *City Defendants' Response to Plaintiff's Rule 50 Motion for Judgment Notwithstanding the Verdict and Rule 59 Motion for New Trial*. These Defendants also incorporate those arguments and legal contentions that may be set forth in any *Response* filed by counsel for all Defendants in their individual capacities.

### *The Rule 50(b) Motion*

The Plaintiff seeks a judgment notwithstanding the verdict on the issue of the plan to execute the "knock and announce" search warrant. Specifically, as Plaintiff's motion relates to the City Defendants, the Plaintiff seeks this relief based upon the argument that "the interpretation given by Chief Feathers that Chretien told him that immediately meant "wait a reasonable period of time," is not credible".  (Plaintiff's Motion at p. 7). Plaintiff goes on in her motion to state, "[W]here the evidence is capable of only one reasonable interpretation, the granting of a judgment notwithstanding the verdict is appropriate".  *Id.*  Plaintiff's argument is that testimony given by Defendant Feathers and Chretien is not credible.

The legal standard for a judgment notwithstanding is clear. The Court must view all of the evidence and inferences therefrom in the light most favorable to the party against whom the motion is made. *Symons v. Mueller Co.*, 493 F.2d 972, 976 (10th Cir. 1974).  "Because of the finality of the determination, this standard is a rigorous one 9 C.Wright & A. Miller, Federal Practice and Procedure § 2531 (1971). "[S]ince the grant of such a motion deprives the non-moving party of the determination of the facts by a jury, judgment notwithstanding the verdict should be cautiously and sparingly granted." *Joyce v. Atlantic Richfield Co.,* 651 F.2d 676, 680 (10th Cir. 1981)." *Western Plains Service Corporation. V. Ponderosa Development Corporation,*  769 F.2d 654 (10th Cir. 1985). The court, must find that the evidence presented conclusively favors one party such that reasonable men could not arrive at a contrary verdict. "The philosophy of this doctrine is that there must be a minimum of interference with the jury." *Yazzie v. Sullivent*, 561 F.2d 183,188 (10th Cir. 1977).

Based upon the legal standard set forth above, it is evident that Plaintiff's motion must fail. Plaintiff seeks to impose her judgment as the trier of fact and summarily disposes of the credibility of Defendants Feathers and Chretien. It is not beyond reason, and obviously supported by the jury verdict that the jury found both Defendants Feathers and Chretien credible. Plaintiff does not cite to the record with testimony that would support her argument and meet the legal standard. To the contrary the only testimony is that of Defendants Feathers and Chretien. The jury heard the testimony and as the trier of fact, entered its verdict. It would be inappropriate for this Court to supplant its own determination on the credibility of these Defendants for that of the jury.

The standard for a judgment notwithstanding the verdict is clear.

> Motions of this kind raise the questions whether there is or was any substantial evidence to take the case to the jury. Since, if granted, they deprive the party of a determination of the facts by a jury, they should be cautiously and sparingly granted. The court may not substitute its judgment on a question of fact for that of the jury, nor direct a verdict because the evidence decidedly preponderates for the moving party.

* * *

> The propriety of granting or denying a motion for a directed verdict is tested both in the trial court and on appeal by the same rule. The trial court must view the evidence and all inferences most favorably to the party against whom the motion is made. The reviewing court must do the same with respect to a judgment entered on a directed verdict or the denial of a motion for a directed verdict or a judgment entered notwithstanding the verdict. The decisions are many and the rule is the same both on appeal, and on the hearing on the motion in the trial court.

2B Barron & Holtzoff, Fed.Prac. and Proc., 1075, at 375, 378 (Rules ed. 1961).

This court's most recent statement of the standard is:

> It seems hardly necessary to repeat the rule in this circuit that a trial judge may grant a directed verdict only when in his considered judgment it would have no foundation in fact, and the court in the exercise of its judicial discretion would be required to have to set it aside.

*Swearingin v. Sears Roebuck & Company*, 376 F.2d 637, 639 (10th Cir. 1967), *Citing, Christopherson v. Humphrey,* 366 F.2d 323, 325-326 (10th Cir. 1966)

### *The Rule 59 Motion for New Trial*

The Plaintiff also seeks a new trial in this matter based upon the "official capacity liability" for approving the plan on the execution of the "knock and announce" search warrant. (Plaintiff's Motion at p.7). Plaintiff goes on to argue that the basis for this motion is Jury Instruction No. 18. However, Plaintiff's argument is flawed and his motion should fail. Jury Instruction No. 18 applied to the actions of the Defendant officers in their individual capacities. The instruction that dealt with official capacity liability was Jury Instruction No. 19. As the Court will recall, Plaintiff was allowed to modify the pattern instruction on supervisory liability which is Jury Instruction No. 42 and remove and reference of the legal standard of "deliberate indifference" from the jury instructions. Plaintiff's motion for new trial is without factual and legal support and should fail. Her argument is directed to the jury instruction given to the individual Defendants and not the City Defendants in their official capacities. The instruction given on supervisory liability was Plaintiff's instruction as the Court refused to give the jury instruction proposed by the City Defendants.

**WHEREFORE**, the City Defendants respectfully request that the Court deny *Plaintiff's Rule 50 Motion for Judgment Notwithstanding the Verdict and Rule 59 Motion for New Trial* and for such other and further relief as the Court deems proper in the premises.

**DATED** this 18th day of March, 2011.

                                                                     /s/ Thomas A. Thompson  
                                                                     Thomas A. Thompson, #6-2640  
                                                                     MacPherson, Kelly & Thompson, LLC  
                                                                     PO Box 999  
                                                                     616 W. Buffalo  
                                                                     Rawlins, WY 82301  
                                                                     (307) 324-2713  
                                                                     (307) 324-7348 - fax

**CERTIFICATE OF SERVICE**

  This is to certify that on the 18th day of March, 2011, at Rawlins, Wyoming, I served the foregoing instrument by causing to be deposited a full, true and correct copy thereof in the United States Mail, duly enveloped with postage prepaid, and addressed to:

| | |
|---|---|
| Jeffrey C. Gosman | Misha Westby |
| Gosman Law Office | Wyoming Attorney General's Office |
| P.O. Box 51267 | Herschler Building, 1st Floor West |
| Casper, WY 82601 | Cheyenne, WY 82002 |

             /s/ Thomas A. Thompson
             For MacPherson, Kelly, & Thompson, LLC

Mailed By: hef