Gregory A. Phillips
Wyoming Attorney General

John Renneisen
Deputy Attorney General

Misha Westby – WY Bar No. 6-2826
Cathleen D. Parker –WY Bar No. 6-3236
Senior Assistant Attorney General
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY 82002
T: (307) 777-5457
F: (307) 777-8920
E: mwestb@state.wy.us

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Tricia Wachsmuth, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 10-CV-041-J ) |
| City of Powell, Tim Feathers, Chad Miner, Mike Chretien, Roy Eckerdt, Dave Brown, Mike Hall, Brett Lara, Matt McCaslin, Alan Kent, Matthew Danzer, Officer Brilakis, Lee Blackmore, Cody Bradley, Kirk Chapman, | ) ) ) ) ) ) |
| Defendants. | ) |

**INDIVIDUAL DEFENDANTS' RESPONSE TO RULE 50 MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND RULE 59 MOTION FOR NEW TRIAL**

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 1 of 9

The Individual Defendants, by and through the Office of the Attorney General of the State of Wyoming, hereby file their response to Plaintiff's Rule 50 Motion for Judgment Notwithstanding the Verdict and Rule 59 Motion for New Trial.

## RULE 50(b) MOTION

The standard for granting a Rule 50 Motion is "the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). The Plaintiff asserts that the Court should enter judgment against Officers Miner, Danzer and Chapman based on the testimony at trial. It appears clear from the verdict form that the jury made the determination that Sgt. Chretien and Sgt. Eckerdt were the only officers liable under all of the facts presented to the Jury over the course of two and a half weeks. Sgt. Eckerdt was the officer standing with the Plaintiff at the time the conversation occurred and Sgt. Chretien was the officer who had the conversation with the Plaintiff. The Jury's determination not to find Officers Miner, Danzer and Chapman liable is supported by the evidence established at trial. The Jury decision appears to be based on the location and the roles of the Officers involved and the determination is consistent with that analysis.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 2 of 9

Officer Hall was in the bedroom and did not see the Plaintiff until she had already started down the stairs.  Officer McCaslin's and Sgt. Kent's undisputed testimony was that they were in the guest bedroom clearing the room and did not hear the conversation.  Not only is their testimony undisputed, it is consistent between the Officers in the room.

Notwithstanding the fact that the jury verdict is consistent, they did find a violation of the Plaintiff's constitutional rights and did award damages so any potential argument about the jury verdict is negated by that fact and harmless error pursuant to Rule 61.

The Plaintiff also seeks Judgment as a matter of law on the issue of the flashbang device.  The Jury did not find that Officers Kent and McCaslin had violated the Plaintiff's constitutional rights although they did answer yes to the interrogatory relevant to what they saw before deploying the flashbang device. The interrogatory is not inconsistent with a finding of no excessive force since that determination, by law, is based on the totality of the circumstances.  In addition, the Plaintiff failed to establish injury or damage based on the use of the flashbang device.  The verdict was completely consistent with the evidence as established at trial.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 3 of 9

With regard to the entry, the case law is not as set forth by Mr. Gosman. The determination of a reasonable amount of time can range from no knock or announcement to a significantly long wait depending on the circumstances. The Tenth Circuit has upheld a knock and announce search warrant executed as a no-knock warrant because of a commotion in the driveway that alerted the occupants to the presence of the police citing safety concerns for the Officers and possibility of destruction of evidence. *U.S. v. Hernandez*, 94 Fed.Appx. 697, 700-701 (10th Cir. 2004). Even under the Plaintiff's legal argument, the testimony of the Officers clearly established that they waited longer than three seconds before breaching the door. The Jury did not believe the Plaintiff since they found, contrary to her testimony that the Officers knocked and announced prior to entering the residence. The Jury also found, based on the totality of the circumstances, that they waited a reasonable amount of time before breaching the door. The determination of a reasonable amount of time ranges from no knock to a significant period of time in this Circuit. To instruct on a specific time would have been an incomplete and inaccurate instruction on the law in this area.

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 4 of 9

## MOTION FOR NEW TRIAL

The Plaintiff relies on *Daniels v. Williams*, 474 U.S. 327 (1986), for the proposition that, although it overruled *Parratt v. Taylor* as it applied to substantive due process claims, it reiterated the holding of Parratt as it applies to other § 1983 claims. The problem with this analysis is that Parratt was also a Fourteenth Amendment case and was fundamentally and substantively overruled by *Daniels* with the Court finding negligence was not enough and that a § 1983 constitutional claims required more. *Daniels*, 474 U.S. at 333-334. The Supreme Court, in addressing constitutional claims in general explained:

> That injuries inflicted by governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant legal concerns and lead to the creation of protectable legal interests. The enactment of tort claim statutes, for example, reflects the view that injuries caused by such negligence should generally be redressed. It is no reflection on either the breadth of the United States Constitution or the importance of traditional tort law to say that they do not address the same concerns.

*Id.*

Similarly to the Court's evaluation of the Fourteenth Amendment's use of the word "deprive" as requiring intentional conduct, the Court's have similarly evaluated the word "seizure" in the Fourth Amendment as requiring that the

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 5 of 9

detention or taking must be intentional. "This is implicit in the word 'seizure,' which can hardly be applied to an unknowing act." *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989)(citing *Boyd v. United States,* 116 U.S. 616, 624-625, 6 S.Ct. 524, 528-529, 29 L.Ed. 746 (1886)) "In sum, the Fourth Amendment addresses 'misuse of power,' *Byars v. United States,* 273 U.S. 28, 33, 47 S.Ct. 248, 250, 71 L.Ed. 520 (1927), not the accidental effects of otherwise lawful government conduct." *Brower*, 489 U.S. at 596. "The intent necessary to create a Fourth Amendment seizure cannot be inferred from an act that is only negligent; evidence of actual intent is necessary to establish a Fourth Amendment seizure because one restrained accidentally, even recklessly, does not have a constitutional complaint." *Moore v. Board of County Com'rs of the County of Leavenworth*, 470 F.Supp.2d 1237, 1246 (D. Kan. 2007) *citing Apodaca v. Rio Arriba County Sheriff's Dept.,* 905 F.2d 1445 1447 (10th Cir. 1990)("The Supreme Court has drawn a distinction between constitutional violations and torts which just happen to be committed by public officials… In *Brower v. County of Inyo,* 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), the Supreme Court held that a seizure must be "willful" to be actionable under the Fourth Amendment. 109 S.Ct. at 1381. The Court carefully distinguished between accidental and intentional detentions. Only unreasonable *intentional* detentions violate the Constitution. *Id.* at 1382.")

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 6 of 9

The Tenth Circuit has clearly indicated its view on this subject stating:

> We begin by noting that "section 1983 imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law. Remedies for the latter type of injury must be sought in the state court under the traditional tort-law principles." *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981). Thus, we review this case not to determine whether the police officer may have committed an actionable tort against plaintiff, but rather to determine whether that conduct violated any of plaintiff's constitutional rights. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989).

*Archuleta v. McShan,* 897 F.2d 495, 496-497 (10th Cir. (N.M.) 1990). The Jury instructions accurately reflect the current state of the law. There is no basis for a new trial.

The Plaintiff also seeks a new trial based on the failure to instruct on the three seconds. As set forth above, the law in the Tenth Circuit is what is reasonable under the totality of the circumstances. That can mean executing a knock and announce warrant as a no-knock warrant all the way to waiting a significant period of time. Instructing the Court on a precise amount of time misstates the law. In addition, the Jury clearly found that the Officers did knock and announce and did wait a reasonable amount of time before breaching the door.

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 7 of 9

Finally, the Plaintiff renews the motion in limine to exclude evidence of the materials seized in the search. This issue was fully analyzed in the briefs and during argument prior to trial. The Plaintiff insisted on arguing the reliability of the information provided by the confidential informant and on arguing the limited nature of the plants actually found in the residence. Based on this strategy, the Defendants were entitled to present to the jury the actual items seized during the search since they confirmed the reliability of the information used by the Officers in planning and executing the search warrant and provided the Jury with the totality of the circumstances under which the determination must be made. During the hearing prior to trial, the Plaintiff was given the option of avoiding these issues through a stipulation but refused to agree to a stipulation, therefore, the Plaintiff cannot now argue that she is entitled to a new trial. The Plaintiff, during voir dire, prior to the hearing on the motion in limine, told the Jury that the Officers only found two plants in the residence opening the door to the very evidence she now argues should not have been admissible at trial.

Ultimately, the jury found two of the Officers liable and awarded damages based on that finding. Based on the Verdict Form and the award of damages, any claim made by the Plaintiff now is, by definition, harmless error and not grounds

*Wachsmuth v. City of Powell, et. al.,* Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 8 of 9

for relief pursuant to Rule 61 of the Federal Rules. The Defendants hereby incorporate the response filed by the Entity Defendants in their response.

**WHEREFORE**, the Individual Defendants respond to the Plaintiff's Motion for Judgment as a Matter of Law and Motion for New Trial and request the Court deny the motions.

**DATED** this 18th day of March, 2011.

/s/ Misha Westby
Misha Westby – WSB No. 6826
Senior Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2011, the foregoing was served electronically via email and U.S. Mail to the following individuals:

| | |
|---|---|
| Jeffrey C. Gosman | Tom Thompson |
| Gosman Law Office | MacPherson, Kelly & Thompson |
| PO Box 51267 | PO Box 999 |
| Casper, WY 82601-2481 | Rawlins, WY 82301-0999 |
| E: Jeffg@gosmanlawoffices.com | E: tthompson@wyomingattorneys.net |

/s/ MaryBeth Jones
Office of the Attorney General

*Wachsmuth v. City of Powell, et. al.*, Case No. 10-CV-41-J
Individual Defendants' Response to Rule 50 Motion for Judgment Notwithstanding
the Verdict and Rule 59 Motion for New Trial
Page 9 of 9