FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 22 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF POWELL, TIM FEATHERS, CHAD MINER, MIKE CHRETIEN, ROY ECKERDT, DAVE BROWN, MIKE HALL, BRETT LARA, MATT McCASLIN, ALAN KENT, LEE BLACKMORE, CODY BRADLEY, and KIRK CHAPMAN,<br><br>Defendants. | Case No. 10-CV-41-J |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR JUDGEMENT AS A MATTER OF LAW
## AND MOTION FOR NEW TRIAL

This matter came before the Court by *Plaintiff's Rule 50 Motion for Judgement Notwithstanding the Verdict and Rule 59 Motion for New Trial* (Doc. 180). The City of Powell and Chief Feathers, in his official capacity, filed a response, as did the Individual Defendants. The Court, having considered the parties' arguments, the pleadings of record, and the applicable law, and being fully advised, finds as follows:

### Background

This case stems from the execution of a search warrant on February 24, 2009, in

Powell, Wyoming. Plaintiff sued the defendants pursuant to 42 U.S.C. § 1983 for violating her Fourth Amendment rights. The case was tried to a jury over the course of twelve days, beginning February 14, 2011. On March 4, 2011, the jury returned its verdict in favor of Plaintiff against Defendants Sergeants Chretien and Eckerdt and in favor of the remaining defendants. The jury awarded Plaintiff damages concerning the verdict against Sergeants Chretien and Eckerdt. On March 4, 2011, the Court entered judgement consistent with the jury verdict against Sergeants Chretien and Eckerdt in the amount of $30,001.

Plaintiff now asks this Court to enter judgment as a matter of law against Defendants Sergeant Kent and Officers Danzer, Chapman, Miner, McCaslin, and Hall for her claim they violated her Fourth Amendment rights by failing to prevent Sergeant Chretien from forcing Plaintiff down the stairs where she was employed as a human shield. The jury only held Sergeant Eckerdt liable for that failure. Defendants argue the jury rightly made the factual determination that only Sergeant Eckerdt was in a position to both understand Sergeant Chretien's directions and stop the constitutional violation from occurring.

Plaintiff also asks this Court to enter judgment as a matter of law against Sergeant Kent and Officer McCaslin for her claim they violated her Fourth Amendment rights by

failing to look into the master bedroom before deploying the flashbang device in a manner that the device would not risk injury. The jury determined Sergeant Kent and Officer McCaslin did not look into the master bedroom before deploying the device, but it did not hold Sergeant Kent and Officer McCaslin liable for a Fourth Amendment violation. Defendants argue the jury rightly made the factual determination that Sergeant Kent and Officer McCaslin's deployment of the flashbang device was reasonable under the totality of the circumstances.

Next, Plaintiff asks this Court to enter judgment as a matter of law against Sergeant Chretien and the officers comprising the rest of the entry team for her claim they violated her Fourth Amendment rights by failing to wait a reasonable amount of time after knocking and announcing their presence before breaching her door. The jury determined the entry team knocked and announced their presence and waited a reasonable amount of time before breaching the door. Defendants argue the jury rightly made this factual determination.

Plaintiff also asks this Court to enter judgment as a matter of law against Defendants Chief Feathers, Sergeant Chretien, and the City of Powell for her claim they violated her Fourth Amendment rights by planning and approving a plan to immediately enter the home after knocking and announcing their presence. The jury determined that

Sergeant Chretien did not plan to unconstitutionally execute the search warrant and Chief Feathers did not approve a plan for an unconstitutional execution of the search warrant. Defendants argue the jury rightly made these factual determinations.

Next, Plaintiff requests a new trial on the issue of the liability of the individual officers for their actions in planning an immediate entry after knocking and announcing their presence, for being briefed on the plan and failing to object, and for official-capacity liability for approving the plan. Plaintiff bases her argument for a new trial on the instructions given by the Court. The jury determined that Sergeant Chretien did not plan to unconstitutionally execute the search warrant, that Chief Feathers did not approve a plan for an unconstitutional execution of the search warrant, and that Sergeants Eckherdt and Officers Bradley, Brown, Champan, Danzer, Hall, Miner, Lara, and McCaslin were not briefed on a plan to unconstitutionally execute the search warrant. Defendants argue the Court properly instructed the jury the elements of the claim.

Plaintiff also requests a new trial on the specific issue of whether the officers waited a reasonable time before entering the home, based on the Court's instructions to the jury on that issue not containing a specific time guideline. Defendants argue the Court properly instructed the jury to consider the reasonableness of the time under the totality of the circumstances.

Finally, Plaintiff requests a new trial based on the Court's evidentiary rulings concerning the materials seized in the search and Plaintiff's drug use. Defendants argue the Court properly admitted the evidence for the limited purpose to defend against Plaintiff's argument to the jury that the confidential informant's statement to the police was untrustworthy.

## Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 provides a party the right to seek judgment as a matter of law if an issue has been heard by a jury, but "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." "A party is entitled to judgment as a matter of law only if all of the evidence, viewed in the light most favorable to the non-moving party, reveals no legally sufficient evidentiary basis to find for the non-moving party." *Burrell v. Armijo*, 603 F.3d 825, 832 (10th Cir. 2010). Moreover, this Court will not weigh the credibility of the witnesses and will only enter judgment as a matter of law if the evidence is such that the only reasonable conclusion is in the moving party's favor. *Hurd v. Am. Hoist & Derrick Co.*, 734 F.2d 495, 499 (10th Cir. 1984).

In this case, each of the issues submitted to the jury were indeed factual issues supported by the evidence on each side. The jury was forced to make credibility

determinations and decide the facts. It did so and made its findings on its verdict form. This Court cannot say its findings were such that no reasonable jury could find the evidence sufficient. Each of the claims of excessive force were to be determined under the totality of the circumstances, *Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001) (*citing Graham v. Connor*, 490 U.S. 386, 395 (1989)), and based on the evidence presented to the jury, this Court finds that the jury did so. Therefore, judgment as a matter of law is improper.

Plaintiff argues that a reasonable jury could not have found that Sergeant Kent and Officer McCaslin did not look into the master bedroom before deploying the flashbang and still not hold them liable for a constitutional violation. This Court disagrees. The clearly established law as stated in its *Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment* (Doc. 88) and instructed to the jury is: (1) the deployment of a flashbang device is neither per se reasonable or unreasonable; and (2) the reasonableness of the use of a flashbang device depends on the totality of the circumstances. *See United States v. Myers*, 106 F.3d 936, 940 (10th Cir. 1997) (establishing the use will be measured under *Graham v. Connor*, 490 U.S. 386, 397 (1989)); *Kirk v. Watkins*, 1999 WL 381119, *4 (June 11, 1999) (recognizing *Myers* created the clearly established law in the Tenth Circuit).

In its order on summary judgment, this Court stated the law as such. It then found a genuine issue of material fact as to whether the officers actually saw into the bedroom before deploying the flashbang device, as Plaintiff's argument was that doing so would be unreasonable under the circumstances. The jury found such use was reasonable based on conflicting evidence and argument by counsel, and this Court cannot say the evidence was such that no reasonable jury could make that finding. Judgment as a matter of law is improper.

## New Trial

Federal Rule of Civil Procedure 59 provides that the Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." More specifically, "a new trial may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights." *Henning v. Union P. R.Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008).

Plaintiff claims three specific errors substantially and adversely affected her rights at trial. This Court disagrees. Plaintiff's first two arguments concern the instructions to the jury. The question is "whether, as a whole, the district court's jury instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." *Martinez v. Caterpillar, Inc.*, 572 F.3d 1129, 1132

(10th Cir. 2009). The focus is whether the Court has "a substantial doubt whether the jury was fairly guided in its deliberations." *Id.*

This Court does not have a substantial doubt the jury's deliberations were fairly guided. While the jury instructions were numerous, so were Plaintiff's claims. Moreover, as a whole, including the instructions given in response to the jury questions, the Court's instructions to the jury correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards. Therefore, the Court will not grant a new trial, as Plaintiff's rights were not substantially or adversely affected.

Plaintiff's final claim of error is with respect to an evidentiary ruling. A new trial should only be granted based on admission of evidence "[i]f error is found in the admission of evidence [and] the error prejudicially affects a substantial right of a party." *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998). Plaintiff claims the evidence of materials seized in the search and Plaintiff's drug use "was prejudicial under Rule 403 and did not aid in the resolution of any element of the defense of Plaintiff's case." This Court disagrees. First, Federal Rule of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, [etc.]." Plaintiff must contend the evidence is *substantially outweighed* by the danger of *unfair prejudice*, which she has not done.

Moreover, this Court admitted that evidence for the limited purpose of combating Plaintiff's argument that the confidential informant should not have been believed. Before the Court admitted the evidence, Plaintiff understood that such an argument to the jury would open the door to Defendants to prove the confidential informant was reliable. Finally, upon Plaintiff's objections during trial, the Court numerous times cautioned the jury to use the evidence only for that limited purpose. The Court must not assume the jury did not follow its instructions. As such, this Court cannot find it either erred in the admission of the evidence or the admission substantially prejudiced Plaintiff's rights. A new trial will not be granted.

## Conclusion

Therefore, the Court DENIES *Plaintiff's Rule 50 Motion for Judgement Notwithstanding the Verdict and Rule 59 Motion for New Trial* (Doc. 180).

Dated this 22d day of March, 2011.

*[signature]*
ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE