**SUBMITTED BY:**
JEFFREY C. GOSMAN
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, WY 82601-2481
(307) 265-6715 (**fax.**)
(307) 265-3082 (ph.)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH,<br><br>                    Plaintiff,<br><br>vs.<br><br>City of Powell, and in their individual capacity,<br>Tim Feathers, Chad Miner,<br>Mike Chretien, Roy Eckerdt, Dave Brown,<br>Mike Hall, Brett Lara, Matt McCaslin,<br>Alan Kent, Matt Danzer, Cody Bradley,<br>and Kirk Chapman.<br><br>                    Defendants. | CASE NO. **10 CV 041J** |

### *PLAINTIFF'S RESPONSE TO THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR NEW TRIAL FILED BY ECKERDT AND CHRETIEN*

**Comes Now**, Plaintiff, by and through counsel, Jeff Gosman of *GOSMAN LAW OFFICE,*

and responds to the motion for judgment notwithstanding the verdict and for new trial.

The basis for the motion is that the officers should be entitled to qualified immunity.

The Court has previously denied this motion and there is nothing new from the evidence that would justify reconsideration of that decision. The evidence from which the jury could determine that the officers used the Plaintiff as a human shield included testimony of officers who were present at the time. The Plaintiff was forced to lead the officers into an uncleared area of the home while the officers followed. The officers believed that because the door to the basement was unlocked, the Plaintiff's husband was in the basement. The officers believed that the Plaintiff's husband was paranoid, emotionally disturbed, had weapons, and that the marijuana was located in the basement. The Plaintiff testified that the Defendant officers trained their weapons on her person as she was forced ahead of them to the bottom of the stairs. As she stopped on the stairs, she was grabbed by the shoulder and told to keep going. The Plaintiff was clearly used as a human shield and placed in what even the officers would have viewed as "harm's way." Several of the officers admitted that they felt it was wrong to use the plaintiff in that fashion, including Chretien, if Tom Wachsmuth is to be believed.

The officers complain that they should be given the benefit of what are essentially described as exigent circumstances. However, Plaintiff offered no resistance, was compliant, was not considered dangerous. There is simply no excuse to use a person as a human shield in room clearing operations and none existed here.

The Court has previously ruled that such conduct violated clearly established rules for excessive force. The essential rule is that each officer must be responsible for

determining whether the force he uses is proportionate to the risk he faces.

> We have stated that Graham undoubtedly speaks to this right: "an officer's violation of the Graham reasonableness test is a violation of clearly established law if there are 'no substantial grounds for a reasonable officer to conclude that there was legitimate justification' for acting as she did."

*Buck v. City of Albuquerque*, 549 F.3d 1269, **1291** (CA 10 [NM] 2008).

As this Court and the Tenth Circuit have previously noted, where the officer's conduct is clearly egregious in nature, less specificity is required from prior case law to establish the violation. *Fogerty v. Gallegos*, 523 F.3d 1147, **1161** (CA 10 [NM] 2008).

The extensive verdict form in this case was consistent with the jury's finding that Chretien used Plaintiff as a human shield, and Eckerd, standing next to the Plaintiff at the time she was ordered downstairs was in the best position to prevent that act from occurring.

This matter harks back to the summary judgment ruling previously issued by the Court. The evidence adduced at trial tracked the evidence suggested by the Plaintiff's forecast of the evidence for purposes of the summary judgment hearing. The summary judgment ruling was correct, the denial of the motion for directed verdict was correct based on the evidence and the law, and the motion for judgment notwithstanding the verdict and for new trial should be denied.

Wherefore, Plaintiff prays that the Defendants' motion be denied.

Thursday, March 31, 2011.

Respectfully submitted,

_____-S-_____
JEFFREY C. GOSMAN
Plaintiff's Counsel
**GOSMAN LAW OFFICE**
PO Box 51267
Casper, Wyoming 82601
(307) 265-3082 (ph.)
(307) 265-6715 (fax.)

### *Certificate of Service*

I hereby certify that true and correct copies of the foregoing document was served this Thursday, March 31, 2011 by ***e-submission*** to the following parties in interest:

| | |
|---|---|
| Misha Westby<br>Senior Assistant Attorney General<br>2424 Pioneer Avenue, 2nd Floor<br>Cheyenne, WY 82002<br>(307) 777-5477<br>(307) 777 8920 (f)<br>mwest@state.wy.us | Tom Thompson<br>MacPerson, Kelly & Thompson<br>P.O. 999<br>Rawlins, WY 82301-0999<br>(307) 324-2713<br>(307) 324-7348<br>tthompson@wyomingattorneys.net |

_____-S-_____
Jeff Gosman