FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 0 7 2011

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRICIA WACHSMUTH, | |
| Plaintiff, | |
| v. | Case No. 10-CV-41-J |
| CITY OF POWELL, TIM FEATHERS, CHAD MINER, MIKE CHRETIEN, ROY ECKERDT, DAVE BROWN, MIKE HALL, BRETT LARA, MATT McCASLIN, ALAN KENT, LEE BLACKMORE, CODY BRADLEY, and KIRK CHAPMAN, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS'
MOTION FOR JUDGEMENT AS A MATTER OF LAW
AND MOTION FOR NEW TRIAL**

This matter came before the Court by *Defendants' Motion for Judgement as a Matter of Law or in the Alternative for a New Trial Based on Qualified Immunity* (Doc. 189). Plaintiff, Tricia Wachsmuth, filed a timely response. The Court, having considered the parties' arguments, the pleadings of record, and the applicable law, and being fully advised, finds as follows:

**Background**

This case stems from the execution of a search warrant on February 24, 2009, in

Powell, Wyoming. Plaintiff sued the defendants pursuant to 42 U.S.C. § 1983 for violating her Fourth Amendment rights. The case was tried to a jury over the course of twelve days, beginning February 14, 2011. On March 4, 2011, the jury returned its verdict in favor of Plaintiff against Defendants Sergeants Chretien and Eckerdt and in favor of the remaining defendants. The jury awarded Plaintiff damages concerning the verdict against Sergeants Chretien and Eckerdt. On March 4, 2011, the Court entered judgement consistent with the jury verdict against Sergeants Chretien and Eckerdt in the amount of $30,001.

On the jury's *Verdict Form* (Doc. 176 at 2), the jury found that Sergeants Chretien and Eckerdt "deprived Plaintiff of her Fourth Amendment rights under the color of state law." In the special factual interrogatories, the jury found that "Sergeant Chretien force[d] Plaintiff with guns down the stairs where she was employed as a human shield." *Id.* at 6. Furthermore, the jury found that Sergeant Eckherdt "failed to stop Sergeant Chretien from forcing Plaintiff with guns down the stairs where she was employed as a human shield." *Id.* at 7. These three responses are consistent with the jury finding the actions by Sergeants Chretien and Eckherdt were not objectively reasonable under the totality of the circumstances, as the jury had been instructed is the law.

Defendants Sergeant Chretien and Eckerdt now ask this Court to enter judgment as

a matter of law against Plaintiff based on qualified immunity. Plaintiff argues the Court already made this determination on summary judgment and that the facts decided by the jury are the same the Court considered on summary judgment.

Defendants, in the alternative, request a new trial on this issue. However, Defendants provide no argument as to how a new trial would resolve any issue concerning qualified immunity.

## Judgment as a Matter of Law

Federal Rule of Civil Procedure 50 provides a party the right to seek judgment as a matter of law if an issue has been heard by a jury, but "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." "A party is entitled to judgment as a matter of law only if all of the evidence, viewed in the light most favorable to the non-moving party, reveals no legally sufficient evidentiary basis to find for the non-moving party." *Burrell v. Armijo*, 603 F.3d 825, 832 (10th Cir. 2010). Moreover, this Court will not weigh the credibility of the witnesses and will only enter judgment as a matter of law if the evidence is such that the only reasonable conclusion is in the moving party's favor. *Hurd v. Am. Hoist & Derrick Co.*, 734 F.2d 495, 499 (10th Cir. 1984).

In this case, each of the issues submitted to the jury were indeed factual issues

supported by the evidence on each side. The jury was forced to make credibility determinations and decide the facts. It did so and made its findings on its verdict form. This Court cannot say its findings were such that no reasonable jury could find the evidence sufficient. Each of the claims of excessive force were to be determined under the totality of the circumstances, *Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001) (*citing Graham v. Connor*, 490 U.S. 386, 395 (1989)), and based on the evidence presented to the jury and the jury's responses on the verdict form, this Court finds that the jury did so.

Defendants argue that the evidence presented at trial is such that the Court should grant them qualified immunity. "Qualified immunity is an affirmative defense against section 1983 damage claims available to public officials sued in their individual capacities." *Barney v. Pulsipher*, 143 F.3d 1299, 1309 (10th Cir. 1998). Qualified immunity concerns two questions: Was a constitutional right violated? And was that right clearly established at the time at issue? *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Court considered Defendants' qualified-immunity argument on summary judgment and held, viewing the evidence in the light most favorable to Plaintiff, that qualified immunity should not be granted to the defendants concerning the allegation Plaintiff was forced down the stairs as a human shield.

On summary judgment, the Court first found that the evidence (when viewed favorably to Plaintiff) was such that a jury could find the defendants failed to act reasonably under the totality of the circumstances. *Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment* (Doc. 88 at 12). That evidence was presented at trial, and while Defendants presented conflicting evidence, the jury found Defendants' use of Plaintiff as a human shield objectively unreasonable under the totality of the circumstances. The Court will not disrupt the jury's finding.

On summary judgment, the Court also found that the law was clearly established. *Id.* at 13. Defendants have continued to make the same arguments concerning qualified immunity, and the Court remains unpersuaded. The defendants argue that they are entitled to qualified immunity because none of the parties can find any case law dealing with the use of civilians as human shields during the clearing of rooms. However, the Supreme Court has recognized that specific case law matching a certain set of facts is not necessary to find something clearly established. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). In *Hope*, the Supreme Court explained:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the

unlawfulness must be apparent.

*Id.* (internal quotations omitted).

In *Pierce v. Gilchrist*, the Tenth Circuit used *Hope* in fashioning a sliding-scale approach to finding clearly established rights. 359 F.3d 1279, 1298 (10th Cir. 2004) ("The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation."). This Court finds the *Graham* standard clear and the conduct here so egregious as not to require a case with the same facts to have been decided previously. *See also Cortez v. McCauley*, 478 F.3d 1108, 1118–19 (10th Cir. 2007) (en banc) (citing *Hope* and recognizing only the general constitutional rule must be clearly established and not the application of specific facts to that rule); *Buck v. City of Albuquerque*, 549 F.3d 1269, 1291 (10th Cir. 2008) ("We have stated that *Graham* undoubtedly speaks to this [clearly established] right: an officer's violation of the *Graham* reasonableness test is a violation of clearly established law if there are no substantial grounds for a reasonable officer to conclude that there was legitimate justification for acting as she did.") (quotations omitted). Simply applying the *Graham* totality-of-the-circumstances test shows Plaintiff's right to be free from being used as a human shield was clearly established when it happened in 2009.

6

Furthermore, Defendants point to the one case they eventually found that uses the phrase "human shield": *Mellott v. Heemer*, 161 F.3d 117, 124 (3d Cir. 1998). However, *Mellot* is clearly distinguishable from this case. In *Mellot*, the qualified-immunity issue concerning the use as a human shield was not whether doing so was excessive force and unreasonable under the totality of the circumstances. Instead, the Court of Appeals for the Third Circuit found the plaintiff in *Mellott* was not "seized" in Fourth Amendment terms because the plaintiff himself had volunteered and asked permission to lead the law enforcement officials into a home in order to ensure a safe eviction of the resident.

The Third Circuit held that the volunteer was not seized, and even if he were, the law enforcement officials were entitled to qualified immunity because a reasonable officer would not have believed he was seized. *Id.* at 124. Therefore, *Mellot* provides no support to Defendants' argument, as in this case Plaintiff was clearly seized. Here, the issue instead is whether the law concerning Defendants' excessive force was clearly established. This Court finds that it was and that qualified immunity is improper under these circumstances.

## New Trial

Federal Rule of Civil Procedure 59 provides that the Court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an

action at law in federal court." More specifically, "a new trial may be granted if the district court concludes the 'claimed error substantially and adversely' affected the party's rights." *Henning v. Union P. R.Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008).

Defendants offer no argument as to what claimed error substantially and adversely affected their rights. Seeing none, the Court will not grant a new trial, as Defendants' rights were not substantially or adversely affected.

## Conclusion

Therefore, the Court DENIES *Defendants' Motion for Judgement as a Matter of Law or in the Alternative for a New Trial Based on Qualified Immunity* (Doc. 189).

Dated this 7th day of April, 2011.

Alan B. Johnson
United States District Judge